**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-10168

(Summary Calendar)

_____

United States of America,

Plaintiff-Appellee,

versus

Lonnie D. Clark, also known as Chick Clark,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

October 20, 1999

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:

Lonnie D. Clark ("Clark") appeals the extended supervised release which followed his prison sentence after a conviction for mail fraud.[1] The United States ("the government") raises several jurisdictional arguments in opposition to Clark's appeal. We agree with one of the government's arguments and dismiss the appeal as moot.

The government claims that Clark's appeal should be dismissed as untimely. The district court dismissed Clark's case because he had filed his notice of appeal one day late and had failed to

_____

[1] We grant Clark's motion to file his reply brief in current form.

demonstrate "excusable neglect" for so doing.[2]  We review this decision for abuse of discretion.  *See Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 882 (5th Cir. 1998); *United States v. Clark*, 51 F.3d 42, 43 (5th Cir. 1995).

Clark alleges that he has demonstrated "excusable neglect" because he asked his court-appointed attorney to file his notice of appeal and his attorney refused to do so.[3]  The government's response is that since the errors of one's attorney are imputed to him, Clark's appeal should be dismissed.  *See, e.g., Pioneer Inv. Services Co. v. Brunswick Assoc.*, 507 U.S. 380, 396-98, 113 S. Ct. 1489, 1498-1500, __ L. Ed. 2d __ (1993); *Clark*, 51 F.3d at 44 & n.6 ("[W]e reject Clark's argument that there was excusable neglect because any fault was that of his counsel, not of his own personally.").

This principle, however, is wholly inapplicable to the instant case.  First, the Supreme Court has rejected the extreme interpretation of *Pioneer*, alluded to in our decision in *Clark*, that a litigant is in all circumstances held to their attorney's negligent failure to timely file a notice

---

[2]  Litigants have 10 days after orders are entered to file a notice of appeal.  *See* FED. R. APP. P. 4(b). Additional time to file after the period has expired is allowed at the district court's discretion upon a finding of "excusable neglect or good cause."  *Id*.  We previously remanded this case to the district court for a determination of whether Clark had demonstrated "excusable neglect" for his failure to timely file a notice of appeal.  *See United States v. Clark*, No. 98-10852 (5th Cir. Jan. 4, 1999).

[3]  Clark also argues that his notice was timely filed because it was mailed on the tenth day after judgment was entered.  However, "filing is not timely unless the clerk receives the papers within the time fixed for filing."  Fed. R. App. P. 25(a)(2).  As Clark was not incarcerated at the time, there was no mailbox rule.  Clark's notice of appeal was thus untimely, and the only real issue is whether he demonstrated "excusable neglect" for being untimely.

of appeal. *See Stutson v. United States*, 516 U.S. 193, 194, 116 S. Ct. 600, 602, __ L. Ed. 2d __ (1996) (per curiam) ("In *Pioneer*, we held that a party *could in some circumstances* rely on his attorney's inadvertent failure to file a proof of claim in a timely manner . . . as 'excusable neglect' under the bankruptcy rules.")[4] (emphasis added).

Second, both *Pioneer* and *Clark* involved situations where a litigant's attorney, in good faith, misinterpreted the federal rules and, as a result, filed the litigant's notice of appeal late. *See Pioneer*, 507 U.S. at 396, 116 S. Ct. at 602, __ L. Ed. 2d at __; *Clark*, 51 F.3d at 42-44. By contrast, Clark alleges the wholesale denial of his right to appeal due to the ineffective assistance of counsel. *See United States v. Gipson*, 985 F.2d 212, 215 (5th Cir. 1993); *Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991) (holding that when counsel denied the petitioner the right to appeal, neither the *Strickland* prejudice prong nor the harmless-error test is appropriate).

In an unpublished opinion, we vacated a district court's denial of a § 2255 motion based on a similar claim. *See United States v. Bergeron*, No. 95-30744 (5th Cir. Dec. 7, 1995). We reasoned that

> Counsel is obliged to protect his client's right to appeal. *See Chapman v. United States*, 469 F.2d 634, 636 (5th Cir. 1972). If Bergeron did request an appeal, counsel was thus obliged to preserve his right to appeal. The record indicates that counsel did not file a notice of appeal. Neither did counsel seek to withdraw from representation of Bergeron. . . . If the facts alleged by Bergeron are true, then Bergeron received ineffective assistance of counsel for counsel's failure to file a notice of appeal.

*Id*. In situations like the instant case, we are not faced with the fear that allowing excusable neglect based on an attorney mistake would lead to "almost every appellant's lawyer . . . plead[ing] his own inability to understand the law when he fails to comply with a deadline." *Halicki v. Louisiana Casino Cruises*, 151 F.3d 465, 470 (5th Cir. 1998). Rather, assuming Clark's allegations are true, we are faced with a clear case of ineffective assistance of counsel, which is sufficient to prove excusable neglect.

---

[4]    Though *Pioneer* involved the bankruptcy rule allowing late filing of claims in bankruptcy upon a finding of 'excusable neglect,' it is clear that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)." *Clark*, 51 F.3d at 44.

The district court gave no reasoning in its order asserting Clark had not proven "excusable neglect." The record does not reflect that a hearing was held on the issue. Ordinarily, we would remand to the district court to explain the basis for its decision. The government, however, urges a second basis to deny Clark relief. It contends that Clark's claims are moot, and we must always determine the basis of our jurisdiction. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Along those lines, "the case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, __ U.S. __, 118 S. Ct. 978, 983, __ L. Ed. 2d __ (1998).

Clark appealed the district court's order extending his period of supervised release after he had completed his prison sentence for mail fraud. The district court ordered extended supervision because Clark had not made restitution of a large sum of money.

By the time Clark filed this appeal, his period of supervised release had long since ended. Accordingly, "some concrete and continuing injury other than the now-ended [supervised release] must exist if the suit is to be maintained." *Id.* at 983 (holding that the collateral consequences of a parole revocation were insufficient to create a case or controversy after the petitioner was released). The petitioner has the burden to establish this injury, and if he fails to satisfy his burden we must dismiss for lack of jurisdiction. *See id*.

Clark claims that during his period of extended supervised release, he was forced to pay $100 per month to the probation office, which caused "pain and suffering and . . . further medical problems that are not reversible and life threatening." Even assuming those allegations are true, Clark has not alleged a "continuing" injury which we can redress by reversing the extension of his now-completed extended supervisory period. As his period of supervised release is over, Clark is essentially asking this court to refund monies expended in accordance with the district court's order.

As defined by *Spencer*, the injuries alleged by Clark are not sufficient collateral consequences of his confinement to keep this controversy alive. Rather, they are independent from the extended supervised release and may possibly be recovered, if Clark's contentions have merit, in a separate

proceeding. The fact that Clark may need a court decision questioning the validity of his extended supervised release before bringing a separate lawsuit, *see, e.g., Clark v. Stadler*, 154 F.3d 186, 189 (5th Cir. 1998) (holding that a § 1983 action based on the duration of a petitioner's confinement must be dismissed unless that petitioner has first established the invalidity of the fact or length of that confinement) is insufficient to keep alive the controversy. As the *Spencer* Court held, "this is a great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available." *Spencer*, __ U.S. at __, 118 S. Ct. at 988, __ L. Ed. 2d at __.

We have previously recognized that *Spencer* reflected "a general 'hardening' of standing requirements in recent years." *Diaz v. Duckworth*, 143 F. 3d 345, 347 (5th Cir. 1998). In this case, even if Clark's allegations are true, he no longer has standing to proceed. Accordingly, the appeal is DISMISSED as moot.