IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-41547
USDC No. 5:98-CV-25
USDC No. 5:95-CR-12-1

Summary Calendar

_____

UNITED STATES,

Plaintiff-Appellee,

versus

LARRY EARL KITCHENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas

_____

March 23, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Larry Earl Kitchens plead guilty to federal cocaine distribution charges.  He now appeals the denial of his 28 U.S.C. § 2255 motion, arguing that he received ineffective assistance of counsel for counsel's not having filed a notice of appeal.  He was previously granted a COA on this issue.  Carried with the case is Kitchens' request for a COA on the issues of ineffective assistance regarding a failure to object to the amount of drugs foreseeable to him and for failure to preserve and raise on appeal, had an appeal

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been filed, his objection to a two-level increase in sentencing for his role in the offense.

Kitchens' ineffective assistance claim regarding the filing of an appeal maintains that Kitchens called each of his attorneys collect within 24 hours of sentencing but that they refused the charges.[1] Kitchens claims that he would have asked them to file an appeal on his behalf. Kitchens eventually wrote to his attorneys regarding this matter, but it was several months after the 10-day deadline had passed. The district court considered Kitchens' allegations as well as affidavits from the defense attorneys, who claimed that the telephone calls had not taken place. The district court was persuaded by the attorneys' statements and denied relief. Kitchens claims that the court erred in failing to provide him with an evidentiary hearing.

While the standard for an evidentiary hearing is more generous under § 2255 than under § 2254, we find no error warranting reversal. A movant is entitled to relief only when the record does not negate the movant's version of the facts <u>and</u> if the movant would be entitled to relief if the allegations are true. <u>United States v. Briggs</u>, 939 F.2d 222, 228 (5th Cir. 1991). Here, Kitchens would not be entitled to relief based on his claim that his attorneys did not accept collect calls. The record is undisputed that Kitchens was advised by the court of his right to

---

[1] For the first time on appeal, Kitchens contends that he told one of his attorneys at sentencing that he wanted to appeal his sentence. We may not consider facts not presented to the district court at the time of ruling. <u>See</u> <u>Theriot v. Parish of Jefferson</u>, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

file an appeal and the time in which to file it. Kitchens did not ask his attorneys to file an appeal for him, which would have triggered their duty to take action on his behalf. See United States v. Clark, 193 F.3d 845, 847 (5th Cir. 1999). A failure to accept a collect call, without more, does not state a claim for ineffective assistance of counsel under the Sixth Amendment. There was thus no error in the failure to provide a hearing.[2]

As to Kitchens' COA request, he has failed to make a substantial showing of the denial of a constitutional right regarding these issues. See 28 U.S.C. § 2253(c)(2).

DENIAL OF § 2255 MOTION AFFIRMED; COA REQUEST DENIED.

---

[2]Our holding is further supported by the Supreme Court's recent decision in Roe v. Flores-Ortega, 120 S. Ct. 1029 (2000). The Court held that counsel has a duty to consult with the defendant about an appeal only if (1) there are non-frivolous grounds to appeal or (2) the defendant reasonably demonstrated that he was interested in appealing. The defendant must further show that prejudice resulted from counsel's failure to perform that duty: he must demonstrate a reasonable probability that he would have timely appealed. See Roe, 120 S. Ct. at 1036-38. Here, Kitchens did not reasonably demonstrate that he was interested in appealing, and he had no non-frivolous grounds for appeal. Moreover, his failure to write to his attorneys for several months after his sentencing, even though the court advised him that he had only ten days to appeal, suggests that he would not have otherwise appealed.

3