IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11157
Summary Calendar
_____

ROGER DEAN TOLLEY

Petitioner - Appellant

v.

GARY L JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. USDC No. 4:98-CV-823-Y
--------------------
July 28, 2000

Before KING, Chief Judge, and SMITH and PARKER, Circuit Judges.

PER CURIAM:[*]

Roger Dean Tolley, Texas inmate # 440135, appeals the

dismissal of his petition for habeas corpus relief filed pursuant

to 28 U.S.C. § 2254.  The district court dismissed the petition

after it determined that Tolley's release on mandatory

supervision rendered his claims for habeas corpus relief moot.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The district court correctly noted that, once federal jurisdiction has attached in the district court, it is not defeated by the release of the petitioner prior to the completion of the proceedings.  Carafas v. LaVallee, 391 U.S. 234, 238 (1968)).  Tolley was incarcerated by reason of the parole revocation at the time his petition was filed, which is all the "in custody" provision of § 2254 requires.  Carafas, 391 U.S. at 238.  Thus, despite his subsequent release from imprisonment, Tolley met the "in custody" requirement of § 2254.

The district court also correctly noted that, even though jurisdiction is not defeated when a prisoner is released on parole, a released prisoner's claims for habeas corpus relief may be rendered moot by his release.  The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole -- some `collateral consequence' of the conviction -- must exist if the suit is to be maintained."  Spencer v. Kemna, 118 S. Ct. 978, 983 (1998) (quoting Carafas, 391 U.S. at 237-38)).  The district court failed, however, to observe that Tolley's mandatory supervision, which is the equivalent of parole, has not ended.

The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole -- some `collateral consequence' of the conviction -- must exist if the suit is to be maintained."  523 U.S. 1, 7-8 (1998) (quoting Carafas, 391 U.S. at 237-38).

The extension of Tolley's parole release date until June 23, 2007, is a consequence of his parole revocation, collateral if not direct. Unlike the petitioner in Spencer, who had already completed his parole when he filed his petition for habeas corpus, Tolley remains under the restrictions of mandatory release. See id. at 6; cf. United States v. Clark, 193 F.3d 845, 847 (5th Cir. 1999) (defendant appealing extension of supervised release failed to demonstrate "collateral consequence" because supervised release had ended when he filed appeal). Contrary to the magistrate judge's assessment, it is not release from his term of re-incarceration, but release from the restrictions of an extended mandatory release that Tolley seeks. Thus, Tolley has alleged that he has an actual injury traceable to the respondent's purported wrongful parole revocation which can be redressed by a favorable judicial decision.

Accordingly, Tolley's petition for habeas corpus relief is not moot. The district court's dismissal is VACATED, and the case is REMANDED to the district court for further proceedings.