UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41417

_____

United States of America,

Plaintiff-Appellee,

v.

Juan Bosco-Perea,

Defendant-Appellant.

_____

No. 00-40244

_____

United States of America,

Plaintiff-Appellee,

v.

Juan Bosco Perea-Almanza,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas

_____

February 12, 2001

Before REYNALDO G. GARZA, DAVIS, and JONES, Circuit Judges.

PER CURIAM:[*]

Juan Bosco Perea-Almanza (a.k.a. Juan Bosco-Perea) plead guilty to being an alien found knowingly and unlawfully in the United States without the consent of the Attorney General of the United States following deportation in violation of 8 U.S.C. § 1326(a).  The district court sentenced Perea to serve a six month

---

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

term of imprisonment followed by a one year term of supervised release. The district court also imposed a $100 special assessment. Perea also plead true to a probation violation petition that was based on the aforementioned guilty plea. The district court sentenced Perea to a sixty day term of imprisonment on the probation violation to be served consecutively to the six month term of imprisonment. Perea now appeals his sentence on the grounds that he was denied his right of allocution in violation of Fed. R. Crim. P. 32(c)(3)(C).

Perea completed his term of imprisonment on April 11, 2000 and was released to the Immigration and Naturalization Service. On May 4, 2000 Perea was deported from the United States at Laredo, Texas. Appellee's Br. at 8 n. 5.

The law of this circuit requires that we vacate a defendant's sentence and remand for resentencing should we find that the defendant was denied his right of allocution. <u>United States v. Myers</u>, 150 F.3d 459, 463 (5th Cir. 1998). For the district court to resentence Perea and afford him his right of allocution, Perea would have to appear before the district court in person. However, it is illegal for Perea, as someone who has been deported from the United States, to reenter the United States without the permission of the Attorney General of the United States. 8 U.S.C. § 1326(a). Thus, even if we were to decide that Perea was denied his right of allocution, that he may not reenter the United States for resentencing means there is no relief we can grant him.

As there is no relief we can grant Perea, his appeal is moot. United States v. Clark, 193 F.3d 845, 847-8 (5th Cir. 1999). Accordingly, this appeal is DISMISSED as moot.

APPEAL DISMISSED.