IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21063
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

JOHN NASKY OKONKWO,

                                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-477-1
--------------------
October 30, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     John Nasky Okonkwo appeals from his sentence following his
guilty-plea conviction for conspiracy to defraud the United
States and for aiding and abetting the execution of a scheme to
induce the victim to travel in, or be transported in, interstate
commerce in order to defraud that victim of $5,000 or more.
Although Okonkwo has completed his term of incarceration, this
appeal is not moot because he is still currently serving his term

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of supervised release and resolution of the instant appeal could possibly shorten that term.  Cf. United States v. Clark, 193 F.3d 845, 847 (5th Cir. 1999).

Okonkwo argues that his sentence is unconstitutional because the amount of loss attributed to him for sentencing purposes was not alleged in the indictment or proved to a jury beyond a reasonable doubt.  He asserts that the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), should be extended to cover sentencing facts that increase a defendant's sentence beyond the otherwise applicable Sentencing Guideline range.  His argument is precluded by this court's holding in United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 531 U.S. 1182 (2001).

Accordingly, the district court's judgment of conviction is AFFIRMED.