United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60852
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OTTO MELVIN RAMIREZ, also known as Otto Malvin Ramirez, also
known as Sammy Ortiz,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CR-97-ALL
---------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Otto Melvin Ramirez appeals a judgment revoking the term of
supervised release imposed following his conviction for illegal
reentry of an alien after conviction of a felony.

The Government has filed a motion to dismiss the appeal for
lack of jurisdiction. The Government argues that this court
lacks jurisdiction because Ramirez failed to file a timely notice
of appeal as required by FED. R. APP. P. 4(b). Both parties have
miscalculated the relevant dates in their arguments before this

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

court. Ramirez' motion for an extension of time to appeal the district court's judgment was filed within the ten-day appeal period set forth in FED. R. APP. P. 4(b), which is calculated from the entry date of the judgment and excludes intervening weekends and the Labor Day Holiday. FED. R. APP. P. 4(b)(1)(A)(ii); FED. R. APP. P. 26(a). Additionally, Ramirez' notice of appeal was filed within the 30-day period permitted by FED. R. APP. P. 4(b)(4).

A finding of excusable neglect or good cause is implicit in the district court's order granting Ramirez' motion. Considering the circumstances, the district court did not abuse its discretion when it implicitly determined that excusable neglect or good cause existed in this case. See Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993); United States v. Clark, 193 F.3d 845, 846 (5th Cir. 1999). The Government's motion is therefore DENIED.

Ramirez argues that the judgment revoking his term of supervised release should be reversed because the district court that revoked his supervised release did not have jurisdiction over his supervised release. The term of supervised release was imposed following a conviction entered in the federal district court for the Middle District of Tennessee. Ramirez was subsequently arrested in the Southern District of Mississippi. Pursuant to 18 U.S.C. § 3605, the Middle District of Tennessee transferred jurisdiction of Ramirez to the Southern District of

Mississippi.  Ramirez argues that since he was under arrest and then incarcerated in the Southern District of Mississippi he was not on supervised release and therefore 18 U.S.C. § 3605, which provides for the transfer of jurisdiction over a probationer or person on supervised release, was inapplicable to him.  Ramirez was on supervised release when he reentered the United States.  His subsequent arrest did nothing to change his status as a person on supervised release.  Therefore, the Southern District of Mississippi had jurisdiction over Ramirez' supervised release.

MOTION DENIED; JUDGMENT AFFIRMED.