United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-51196
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL CENICEROS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-913-2-DB
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Manuel Ceniceros appeals his guilty-plea conviction for

conspiring to import marijuana into the United States in

violation of 21 U.S.C. §§ 952 and 960. Ceniceros argues that the

district court abused its discretion in denying his motion for an

extension of time to file a notice of appeal. As to the merits

of his appeal, he argues that the district court abused its

discretion when it overruled his request for new counsel at

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentencing without appointing new counsel and without holding a hearing regarding the voluntariness of his plea.

The district court incorrectly found that it could not consider Ceniceros' motion for an extension of time under FED. R. APP. P. 4(b)(4) because the motion was filed more than 40 days after the judgment was entered. As the district court entered its judgment on September 2, 2003, Ceniceros had 10 days, excluding weekends, or until September 16, 2003, to file a timely notice of appeal. See FED. R. APP. P. 4(b)(1) and 26(a)(2). On October 15, 2003, within 30 days of the 10-day time period expiring, Ceniceros filed a timely motion for an extension of time to file a notice of appeal and a notice of appeal. See United States v. Clark, 51 F.3d 42, 43 n.3 (5th Cir. 1995), and United States v. Lewis, 921 F.2d 563, 565 (5th Cir. 1991); cf. United States v. Montoya, 335 F.3d 73, 74-75 (2d Cir. 2003).

Given the district court's finding that it could not consider the motion, it did not address whether the circumstances surrounding the late filing of Ceniceros' notice of appeal constituted excusable neglect. See FED. R. APP. P. 4(b)(4). Ordinarily, under such circumstances, we would remand the case to the district court so it could determine the excusable neglect issue. See United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000); United States v. Clark, 193 F.3d 845, 847 (5th Cir. 1999). A remand would be futile, however, because the merits of this appeal are frivolous. See Alvarez, 210 F.3d 309, 310 (5th Cir.

2000); see also United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).

The transcripts of Ceniceros' rearraignment and sentencing refute his assertion that his guilty plea was involuntary because counsel told him that the Government would not pursue a career offender enhancement at sentencing. Even assuming counsel did make such a statement, Ceniceros acknowledged on numerous occasions before the court accepted his plea that he could not rely on any estimate of his sentence by counsel and that he could not withdraw his plea if his sentence was higher than expected. Accordingly, the district court did not abuse its discretion in not allowing Ceniceros to withdraw his guilty plea. See United States v. Carr, 740 F.2d 339, 344 (5th Cir. 1984).

Neither did the district court abuse its discretion in denying Ceniceros' request for substitute counsel at sentencing. As Ceniceros knew that he could not rely on any estimate of his sentence by counsel, he did not show good cause for changing counsel at sentencing. See United States v. Young, 482 F.2d 993, 995 (5th Cir. 1973). We do not address whether counsel was ineffective in representing Ceniceros as Ceniceros does not raise this claim on appeal.

Ceniceros' appeal is without arguable merit and frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). It is therefore dismissed. See 5th Cir. R. 42.2.

APPEAL DISMISSED AS FRIVOLOUS.