United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41771
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY DE LUNA-VIGIL,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-704-ALL
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Jimmy De Luna-Vigil.
See United States v. De Luna-Vigil, No. 02-41771 (5th Cir. Feb.
18, 2004) (unpublished).  The Supreme Court vacated and remanded
for further consideration in light of United States v. Booker,
125 S. Ct. 738 (2005).  Newsome v. United States, 125 S. Ct. 1113
(2005).  We requested and received supplemental letter briefs
addressing the impact of Booker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government argues that this appeal is moot because Vigil was released from prison on January 27, 2004. Vigil contends that his appeal still presents a live issue because he is on supervised release until January 27, 2007. Article III, § 2 of the Constitution requires that a "'case or controversy . . . subsist[] through all stages of federal judicial proceedings, trial and appellate.'" See Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also United States v. Clark, 193 F.3d 845, 847 (5th Cir. 1999). This requirement is met because Vigil is still subject to supervised release, a part of his total sentence. See United States v. Gonzalez, 250 F.3d 923, 928 (5th Cir. 2001).

Vigil's argument that the district court's mandatory application of the Guidelines is "structural," and "presumptively prejudicial," thus obviating the need for a specific showing of prejudice, has been rejected as inconsistent with this court's analysis in United States v. Mares, 402 F.3d 511 (5th Cir.), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005); United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297).

Vigil's alternative argument, that the district court's mandatory application of the Guidelines constitutes plain error, also lacks merit. This court will not consider a Booker-related challenge raised for the first time in a petition for certiorari absent extraordinary circumstances. United States v. Taylor, 409

F.3d 675, 676 (5th Cir. 2005). Vigil's argument that the record suggests that the district court may have imposed a lesser sentence under an advisory guideline system is refuted by the record. Since Vigil has not demonstrated plain error, "it is obvious that the much more demanding standard for extraordinary circumstances, warranting review of an issue raised for the first time in a petition for certiorari, cannot be satisfied." See Taylor, 409 F.3d at 677.

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Vigil's conviction and sentence.

AFFIRMED.