

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-6-2008

# USA v. Ebersole

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4956

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ebersole" (2008). *2008 Decisions.* Paper 1640.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1640

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4956
_____

UNITED STATES OF AMERICA,

v.

GREG ALAN EBERSOLE,
                    Appellant.

_____

On Appeal From The United States District Court
For The Middle District Of Pennsylvania
(D.C. No. Crim. 03-373)
District Judge: The Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
January 14, 2008

Before: FUENTES and JORDAN, Circuit Judges,
and RUFE*, District Judge.

(Filed : February 6, 2008)

_____

    * Honorable Cynthia M. Rufe, Judge of the United States District Court for the
    Eastern District of Pennsylvania, sitting by designation.

## OPINION OF THE COURT

RUFE, District Judge.

Greg Alan Ebersole ("Ebersole") appeals from an Order of the Honorable

William W. Caldwell, United States District Judge for the Middle District of Pennsylvania,

revoking his supervised release after the Court found Defendant had violated its terms.

Ebersole contends that the District Court abused its discretion because his conduct did not

constitute a violation.

### I.

Ebersole was indicted in December 2003, for interstate stalking[1] and

possession of a firearm with an altered serial number.[2]  On July 1, 2004, Ebersole pleaded

guilty to the firearm charge, and was sentenced to serve 15 months in prison followed by

three years of supervised release, subject to special conditions.  One of the conditions

prohibited Ebersole from having any contact with Valerie Beaston, directly or through

others.[3]

---

[1] In violation of 18 U.S.C. § 2261A.

[2] In violation of 18 U.S.C. § 922(k).

[3] Ebersole violated this special condition two times before the violation at issue on appeal: first, by writing a letter to Beaston, ostensibly about a civil suit between them, resulting in the modified condition that,  "except for legal proceedings, the defendant shall have no written or personal contact with Valerie Beaston, directly or through others"; and second, by purposefully coming into contact with Beaston in a convenience

2

In late 2006, Ebersole's Probation Officer, Stephen Leahey, filed a petition for revocation of supervised release, alleging that Ebersole sent an e-mail to Valerie Beaston's sister, Wendy Baker, which she forwarded to Beaston. Ebersole's communication was sent from the e-mail address "VLBRNKiller@aol.com," which includes Beaston's initials "VLB" and her profession as a Registered Nurse, or "RN." (App. 17.) The District Court found the content of the message implied a threat to Beaston's life, reading:

> The skank has just struck again to escalate the conflict with me. At first, there was plenty of time for justice to which I had given my most solemn vow. But her continued efforts to keep this war going have sabotaged any opportunities that she might have been awarded to settle this. It is clear that she will never decide to do the right thing, even given a hundred years to do consider it. Her actions have drastically shortened the timeline. Therefore, there is—if there is anything you would ever wish to say to either of us, I suggest you do it soon.

(App. 18.)

The District Court found that Ebersole's e-mail violated the conditions of his supervised release because it was reasonable to assume that the message would reach Beaston and any reasonable person would interpret it as a threat.[4] The District Court

store, resulting in a reprimand by the District Court. (App. 8.)

[4] Ebersole's *Myspace* page was admitted at the November 22, 2006 revocation hearing to put his e-mail in context. Ebersole's *Myspace* page, entitled "Skanka8er-Justice is Coming" (App. 20), played a theme song containing the lyrics: "I used to love her, but I had to kill her/I had to put her/Six feet under/And I can still hear her complain." (Appellee's Br. 9.) Ebersole's Myspace page also included commentary stating, "I vowed justice against my false accuser and I have never broken my word of honor . . . I honestly don't know how much time is left before she forces my hand." (App. 20.) At the revocation hearing, Ebersole testified that he used his *Myspace* webpage as a "vehicle to voice [his] frustration." (App. 29.)

revoked Ebersole's term of supervised release and imposed a sentence of ten months' imprisonment. He then filed this timely appeal. Ebersole was released from prison on August 6, 2007, after serving his ten-month sentence.

We review the District Court's findings of fact at the revocation hearing for clear error.

## II.

A threshold question is whether this appeal is now moot. It is well established that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy. *E.g.*, *Defunis v. Odegaard*, 416 U.S. 312, 316 (1974). We must determine whether Ebersole's claim has become moot even if the parties did not raise the issue in their original briefs. *See Chong v. INS*, 264 F.3d 378, 383 (3d Cir. 2001). The "'case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a personal stake in the outcome of the suit.'" *Williams v. Sherman*, 214 Fed. App'x. 264, 265 (3d Cir. 2007) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). A live case or controversy may become moot if (1) the alleged violation has ceased and there is no reasonable expectation that it will recur, and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

III.

Ebersole completed his ten-month sentence while his appeal was pending before this Court. As the issue of mootness was not addressed in the original briefs to this Court, we requested supplemental briefing from the parties to address the jurisdiction issue. In his supplemental brief, submitted by letter to the Court, Ebersole does not assert that he suffers any concrete "injury-in-fact." He simply argues that his reputation and good name were injured as a result of the revocation. The Government asks this Court to dismiss the appeal as moot, arguing that Ebersole lacks a concrete injury-in-fact. We agree with the Government and conclude that this appeal is moot as it fails to present a live case or controversy.

While an incarcerated inmate's challenge to the validity of his incarceration satisfies the "case-or-controversy" requirement, the suit becomes moot upon the inmate's release from prison, unless he or she can demonstrate some "collateral consequence" that persists beyond the expiration of the sentence and is "likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In *Spencer*, the petitioner appealed the district court's revocation of his parole for violating its terms. 523 U.S. at 8. The Supreme Court required the petitioner to demonstrate collateral consequences adequate to meet Article III's injury-in-fact requirement, finding that while "it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences,' [t]he same cannot be said of parole revocation." *Id.* at 12 (quoting

*Sibron v. New York*, 392 U.S. 40, 55 (1968)). The *Spencer* Court explained, "[o]nce the convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." *Id.* at 7 (citing *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968)). The Court found that Spencer's purported injuries in fact – that parole revocation could be used against him in future parole proceedings, to increase his sentence in future sentencing proceedings, to impeach him should he appear as a witness or litigant in a future judicial proceeding, or as a defendant in a future criminal proceeding – were insufficient to establish a collateral consequence, and therefore dismissed his appeal as moot. *Id.* at 14-18.

Although *Spencer* addressed collateral consequence in the realm of parole revocations, this Court has held that the same rule applies to a wide range of similar circumstances, including the revocation of supervised release. *See United States v. Kissinger*, 309 F.3d 179 (3d Cir. 2002) (holding that the petitioner's attempted distinction between parole and probation hearings does not affect this Court's mootness determination because *Spencer* applies to the revocation of supervised release).[5] The

---

[5] Similarly, other Courts have applied *Spencer* to the revocation of supervised release. *See United States v. Meyers*, 200 F.3d 715, 721 n.2 (10th Cir. 2000) ("This court can discern no relevant differences between parole and supervised release which would militate against the applicability of *Spencer*."); *United States v. Clark*, 193 F.3d 845, 847-48 (5th Cir. 1999) (per curiam) (applying *Spencer* and dismissing as moot a challenge to the district court's extension of supervised release); *United States v. Probber*, 170 F.3d 345, 348-49 (2d Cir. 1999) (applying *Spencer* to dismiss as moot a challenge to the

6

potentially adverse treatment asserted by Ebersole fails to satisfy the collateral consequence standard established by *Spencer*. Therefore, we find that Ebersole's appeal is moot because he has completed the sentence of imprisonment imposed, and no collateral consequence is present under these circumstances.

revocation of supervised release).