# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 07-41113
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN ALBERTO GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-384

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Alberto Gonzalez pleaded guilty to being an alien who "attempted to enter" the United States after having previously been denied admission, excluded, deported, and removed, following a prior aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) and (b). In the written judgment, the district court stated the "Nature of Offense" as "Alien Unlawfully Found in the United States After Deportation, Having Been Previously Convicted of an Aggravated Felony."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The sole argument Gonzalez presents on appeal is that the written judgment, by indicating that he was convicted of the § 1326 offense of being unlawfully found in the United States, erroneously describes the § 1326 offense to which he pleaded guilty, which was attempted reentry. The Government concedes that there is a clerical error in the judgment and that the case should be remanded for the sole purpose of correcting the error.

After the parties filed their initial briefs, the district court entered an amended judgment for the purpose of correcting the error. The amended judgment states that the "Nature of Offense" is "Attempted Illegal Re-entry into the United States After Deportation, Having Been Previously Convicted of an Aggravated Felony." Thus, the amended judgment correctly reflects the offense of conviction. See § 1326(a)(2); United States v. Angeles-Mascote, 206 F.3d 529, 531-32 (5th Cir. 2000). As the amended judgment provides the sole relief that Gonzalez seeks, the appeal is moot. See United States v. Clark, 193 F.3d 845, 847 (5th Cir. 1999); Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).

DISMISSED.