# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 14, 2011

No. 10-20260
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL ELLIS TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-52-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Michael Ellis Taylor appeals from the revocation of his probation. The Federal Public Defender appointed to represent Taylor has moved for leave to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Taylor has not filed a response. In revoking Taylor's probation, the district court imposed a sentence of 10 months of imprisonment with no additional term of probation or supervised release. During the pendency of this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal, Taylor completed his term of imprisonment and has been discharged from prison.

This court must examine the basis of its jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Article III, section 2, of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* at 7. Because Taylor has completed the entire sentence imposed for his probation revocation, there is no case or controversy for us to address. *See Spencer*, 523 U.S. at 7, 14-18; *United States v. Clark*, 193 F.3d 845, 847-48 (5th Cir. 1999).

For the foregoing reasons, this appeal is DISMISSED as moot, and counsel's motion to withdraw is DENIED as unnecessary.