# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 13, 2011

No. 10-20242
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEXIS HINES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-21-4

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alexis Hines appeals from the revocation of her probation and the imposition of an eight-month term of postrevocation imprisonment. No additional term of probation or supervised release was imposed upon revocation. Hines completed her term of imprisonment while her appeal was pending, and she has been released from prison. Her court-appointed counsel has now moved to withdraw. *See Anders v. California*, 386 U.S. 738 (1967).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20242

This appeal requires us to examine sua sponte the basis of our jurisdiction. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Section 2 of Article III of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained." *Id.* at 7 (internal quotation marks and citation omitted). Because Hines has completed the entire sentence imposed for her probation revocation, there is no case or controversy for us to address. *See Spencer*, 523 U.S. at 7, 14-18; *United States v. Clark*, 193 F.3d 845, 847-48 (5th Cir. 1999).

For the foregoing reasons, this appeal is DISMISSED as moot. Consequently, counsel's motion to withdraw is DENIED as unnecessary.