# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40381
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2018

Lyle W. Cayce
Clerk

Consolidated with 17-40385

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PEDRO PEREZ-HERNANDEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-775-1
USDC No. 1:14-CR-867-1

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:[*]

In 2012, Pedro Perez-Hernandez, who at that time was a legal permanent resident of the United States, pleaded guilty to being a felon in possession of a firearm and was sentenced to 46 months of imprisonment and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

three years of supervised release. After being deported pursuant to 8 U.S.C. § 1227(a)(2)(C), and while still on supervised release for the firearm offense, Perez-Hernandez was found in the United States and charged with being an alien unlawfully in the United States, in violation of 8 U.S.C. § 1326(a), (b)(1). Probation officers also petitioned to revoke the supervised release due to his illegal reentry in the United States. A jury convicted Perez-Hernandez of illegal reentry, and the court sentenced him to 24 months of imprisonment and three years of supervised release. Relying on the guilty verdict for illegal reentry, the court revoked Perez-Hernandez's supervised release as to the firearm offense and sentenced him to four additional months of imprisonment and no additional term of supervised release. Perez-Hernandez timely appealed both cases, which have been consolidated on appeal.

In his sole assignment of error with respect to his illegal reentry conviction, Perez-Hernandez contends that the district court used his uncounseled deportation proceedings to impose an eighteen-month sentencing enhancement, in violation of the Sixth Amendment and the Due Process Clause. Because Perez-Hernandez did not raise this issue in the district court, it is subject to plain error review. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Perez-Hernandez must show a forfeited error that is clear or obvious and that affected his substantial rights. *See id*.

Perez-Hernandez's "enhancement" argument is an attack on the prosecutor's decision to charge him with violating § 1326, rather than 8 U.S.C. § 1325, in light of his prior deportation. However, "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (internal citation omitted).

No. 17-40381
c/w No. 17-40385

Furthermore, a jury found Perez-Hernandez guilty of a violation of § 1326, and the district court sentenced him accordingly. Therefore, Perez-Hernandez has not shown that the district court committed any error, plain or otherwise. *See Puckett*, 556 U.S. at 135.

Perez-Hernandez raises three issues with respect to the revocation of his supervised release. However, during the pendency of this appeal, Perez-Hernandez was released from custody. This court should always be cognizant of jurisdiction and should examine the issue *sua sponte* if needed. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987); *see Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987). Under Article III's case-or-controversy requirement, "some concrete and continuing injury other than the now-ended incarceration or parole—some collateral consequence of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted).

Because the district court did not impose an additional term of supervised release upon revocation, Perez-Hernandez does not face a collateral consequence based on any additional term of supervised release. *See id.* at 7; *United States v. Clark,* 193 F.3d 845, 847-48 (5th Cir. 1999). Further, Perez-Hernandez does not demonstrate any other "concrete and continuing injury other than the now-ended" term of imprisonment with respect to the revocation. *Spencer*, 523 U.S. at 7; *see Clark*, 193 F.3d at 847 (holding that the defendant has the burden of showing collateral consequences).

Accordingly, Perez-Hernandez's sentence imposed following his illegal reentry conviction is AFFIRMED, and his appeal from the revocation of his supervised release relating to his firearm offense is DISMISSED as moot.