# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2021

Lyle W. Cayce
Clerk

No. 20-50484

CONSOLIDATED WITH

No. 20-50487

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IRVIN LEWIS DUKES,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-59-1
USDC No. 1:19-CR-44-1

Before HIGGINBOTHAM, COSTA, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Irvin Dukes was on supervised release for a federal drug crime. After Dukes tested positive for using methamphetamine, he agreed to modify the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50484
c/w No. 20-50487

conditions of his release to allow a search of his residence if the probation officer had reasonable suspicion to believe that Dukes had violated a condition of supervision and that the area to be searched contained evidence of that violation.  Subsequent events led the officer to believe there was drug activity at Dukes's home, so she searched it.  Among other things, two guns were discovered during the search.  That led to both a new federal case against Dukes, for being a felon in possession of a firearm, and the revocation of his supervised release for committing a new offense.  On appeal, Dukes argues that discovery of the guns should have been suppressed because: (1) he did not voluntarily consent to the search condition and waive his right to the hearing that would otherwise be required to modify the conditions of release, and (2) even if the condition is valid, the probation officer did not have reasonable suspicion for a search because the evidence was stale.

We first conclude that Dukes's appeal of his supervised release revocation is moot.  Dukes has been released from custody and is no longer subject to a term of supervision on the earlier drug offense.  Unlike an appeal from an underlying conviction which is not moot after release because of collateral consequences it may have in the future, the appeal of a supervised release revocation becomes moot when the defendant is no longer facing any punishment from that revocation.  *See United States v. Clark*, 193 F.3d 845, 847–48 (5th Cir. 1999) (per curiam).  As a result, we will dismiss the appeal of the revocation ruling.

Because the new felon-in-possession conviction carries collateral consequences, we do have jurisdiction to consider the suppression ruling in the context of that case.  "Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any

information in mitigation." FED. R. CRIM. P. 32.1(c)(1). These rights can be waived. FED. R. CRIM. P. 32.1(c)(2)(A). "[A] waiver of the rights provided by Rule 32.1 is effective where it is knowing and voluntary" based on the totality of the circumstances. *United States v. Hodges*, 460 F.3d 646, 653 (5th Cir. 2006).

Although Dukes argues that his probation officer threatened to take away his children, the district court credited the officer's testimony that she instead said she would notify CPS and the court if she observed evidence of drug abuse. A reasonable person would not perceive this statement as a threat. *See Florida v. Bostick*, 501 U.S. 429, 436 (1991). Furthermore, the probation officer's statement that she would conduct regular walk-throughs of Dukes's residence was not a claim of authority to search as she explained that reasonable suspicion was required for a search. Dukes has not shown that his consent to the waiver of hearing and to the modification of his conditions of supervised release was the result of intimidation, coercion, or deception or that it was otherwise unknowing or involuntary. *See Hodges*, 460 F.3d at 653.

With regard to the staleness of the evidence, a fairly long period of time did not elapse between the discovery of the evidence supporting reasonable suspicion and the search, as the search occurred three weeks after the probation officer determined that reasonable suspicion of ongoing drug use existed. We have upheld warrants based on evidence significantly older than the evidence in this case. *See United States v. Allen*, 625 F.3d 830, 842 (5th Cir. 2010) (holding that warrant based on 18-month-old information was not stale); *United States v. Robinson*, 741 F.3d 588, 596–97 (5th Cir. 2014) (holding that warrant based on 24-month-old information was not stale).

No. 20-50484
c/w No. 20-50487

Dukes has not shown that the evidence supporting reasonable suspicion was stale. *See United States v. Craig*, 861 F.2d 818, 822–23 (5th Cir. 1988).

The district court's judgment of conviction is AFFIRMED; the appeal from the revocation judgment is DISMISSED as moot.