

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-2002

# USA v. Kissinger

Precedential or Non-Precedential: Precedential

Docket No. 01-4247

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Kissinger" (2002). *2002 Decisions.* Paper 675.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/675

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed October 29, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4247

UNITED STATES OF AMERICA

v.

CHARLES KISSINGER,
        Appellant

ON APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

District Judge: Honorable Bruce W. Kauffman
(D.C. No. 00-m-00253)

Argued May 23, 2002

BEFORE: MCKEE, STAPLETON and WALLACE,*
Circuit Judges

(Filed: October 29, 2002)

        Peter Goldberger (Argued)
        50 Rittenhouse Place
        Ardmore, PA 19003-2276

         Lead Appellate Counsel
        for Defendant-Appellant,
        Charles Kissinger

_____

* Honorable J. Clifford Wallace, Senior Circuit Judge, United States
Court of Appeals for the Ninth Circuit, sitting by designation.

        Ronald L. Kuby
        740 Broadway, 5th Floor
        New York, NY 10003

         Attorney for Appellant,
        Charles Kissinger

        Patrick L. Meehan
        United States Attorney
        Richard W. Goldberg (Argued)
        Asst. United States Attorney
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106-1250

         Attorneys for Appellee,

United States of America

OPINION OF THE COURT

WALLACE, Circuit Judge:

Kissinger appeals from the sentence he received for
violating his probation. The magistrate judge had
jurisdiction to impose the sentence under 18 U.S.C.
S 3401(a). The district court had jurisdiction under 18
U.S.C. S 3742(g). We have jurisdiction over this timely
appeal pursuant to 28 U.S.C. S 1291. Because Kissinger
has been unconditionally released from custody and
probation in the interim, we dismiss this appeal as moot.

I

On July 3, 1999, Kissinger was arrested while protesting
the conviction of Mumia Abu-Jamal at the Liberty Bell
Pavilion in Independence National Historic Park. Kissinger
was convicted under 36 C.F.R. S 2.32(a)(2) for violating a
lawful government order "where the control of public
movement and activities [was] necessary to maintain order
and public safety." The magistrate judge sentenced
Kissinger to a one-year term of probation with a condition
that Kissinger not leave New York City without obtaining
permission from his probation officer.

2

During this probationary period, Kissinger requested
permission to speak at a political demonstration in
Philadelphia. The magistrate judge denied this request, but
Kissinger nevertheless traveled to Philadelphia. The
magistrate judge sentenced Kissinger to three months
imprisonment and one year probation for violating his
probation condition. Kissinger contends that the imposition
and administration of the probation condition violated his
First Amendment rights.

II

Our statutory jurisdiction to consider Kissinger's appeal
is not necessarily lost by his unconditional release from
custody. United States v. Antar, 38 F.3d 1348, 1355-56 (3d
Cir. 1994). However, we are precluded by Article III, S 2 of
the Constitution from entertaining an appeal if there is no
longer a live case or controversy. Nextel Partners Inc. v.
Kingston Tp., 286 F.3d 687, 693 (3d Cir. 2002). We must
determine whether Kissinger's claim has become moot even
if the parties did not raise the issue in their original briefs.
Chong v. INS, 264 F.3d 378, 383 (3d Cir. 2001). Although
this action was live when filed and may have become moot
only during the pendency of this appeal, Article III requires
that an actual controversy exist through all stages of
litigation, including appellate review. See Lewis v.
Continental Bank Corp., 494 U.S. 472, 477-78 (1990).

Kissinger does not attack his underlying conviction.

Instead, he challenges the probation condition limiting his ability to travel. While his appeal was pending before this court, Kissinger completed the probationary and incarceration period. The question is whether his appeal is now moot.

A

Generally, once a litigant is unconditionally released from criminal confinement, the litigant must prove that he or she suffers a continuing injury from the collateral consequences attaching to the challenged act. Sibron v. New York, 392 U.S. 40, 55-56 (1968), carved an exception to this rule by allowing the presumption of collateral consequences when

3

a litigant challenges a criminal conviction. Kissinger urges us to presume collateral consequences stem from his allegedly invalid probation revocation. To be successful, Kissinger must persuade us that he need not prove, but may presume, collateral consequences sufficient to satisfy Article III. Spencer v. Kemna, 523 U.S. 1, 14 (1998).

In Spencer, the petitioner was convicted of felony stealing and burglary. Id. at 3. The petitioner did not attack his convictions, but his parole revocation. Id. at 8. Spencer refused to extend Sibron's presumption of collateral consequences to attacks of parole revocations, Spencer, 523 U.S. at 12, and required the petitioner to demonstrate collateral consequences adequate to meet Article III's injury-in-fact requirement. Id. at 14. While"it is an 'obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences,' [t]he same cannot be said of parole revocation." Id. at 12, quoting Sibron, 392 U.S. at 55. Because the petitioner completed the punishment he received from his challenged parole revocation and could not allege sufficient collateral consequences, the Supreme Court held his challenge moot. Id. at 18.

Kissinger seeks to distinguish Spencer on the ground that Spencer involved a parole revocation proceeding, while the present action involves a probation revocation proceeding. Kissinger argues his probation revocation imposed a new sentence because probation revocation proceedings are heard by a judge, while parole revocation proceedings are heard before a parole board. Even assuming (but not deciding) that probation revocation proceedings impose a new sentence, Kissinger's attempted distinction would not affect our mootness determination. Several courts have applied Spencer to the revocation of supervised release. United States v. Meyers, 200 F.3d 715, 721 n. 2 (10th Cir. 2000) ("This court can discern no relevant differences between parole and supervised release which would militate against the applicability of Spencer"); United States v. Clark, 193 F.3d 845, 847-48 (5th Cir. 1999) (per curiam) (applying Spencer and dismissing as moot a challenge to the district court's extension of supervised release); United States v.

Probber, 170 F.3d 345, 348-49 (2d Cir. 1999) (applying

Spencer and dismissing as moot a challenge to the revocation of supervised release). Like probation, supervised release is also imposed by the judiciary, 18 U.S.C.S 3583(a) (supervised release); 18 U.S.C. S 3562(a) (probation), and its revocation is heard by the judiciary. 18 U.S.C.S 3583(e)(3) (supervised release); 18 U.S.C. S 3565(a)(2) (probation). Finally, the conditions the judiciary is permitted to impose are identical for probation and supervised release. United States v. Evans, 155 F.3d 245, 250-51 (3d Cir. 1998) (comparing 18 U.S.C. S 3563(b) governing probation with 18 U.S.C. S 3583(d) governing supervised release).

Kissinger has simply not shown any distinction between parole and probation that would justify distinguishing Spencer. We hold that Spencer is not limited to the parole context, but applies with equal force in the probation context. See also United States v. Ofchinick, 937 F.2d 892, 897 (3d Cir. 1991) (holding that a probationer may appeal a probation condition prior to its violation because, inter alia, "any challenge to a condition of probation which must await violation of the condition and probation revocation may, by its very nature, become moot"); United States v. Brandt, 113 F.3d 127, 128 (8th Cir. 1997) (challenge of probation revocation mooted by challenger's unconditional release). Because Kissinger does not challenge his underlying conviction, he must prove that collateral consequences adequate to satisfy Article III attach to his probation revocation.

B

In attempting to demonstrate sufficient collateral consequences arising from his probation revocation, Kissinger argues that his allegedly invalid record as a probation violator may enhance his sentences in future crimes. This collateral consequence is insufficient to breathe life into the mooted controversy because the possible effect of an increased sentence depends on Kissinger's subsequent commission and conviction of a crime. Spencer, 523 U.S. at 15 (rejecting collateral consequences that depend upon future convictions because litigants are "able--and indeed required by law--to prevent such a possibility from occurring"), quoting Lane v.

Williams, 455 U.S. 624, 632 n. 13 (1982). Spencer rejected this collateral consequence in the context of parole revocations. 523 U.S. at 15. See also Lane, 455 U.S. at 632 n. 13. Other circuits have rejected this collateral consequence in the context of supervised release. United States v. Meyers, 200 F.3d 715, 722 (10th Cir. 2000); United States v. Probber, 170 F.3d 345, 348-49 (2d Cir. 1999). Any suggested difference between probation and

parole is in vain, for in computing the criminal history category under the Federal Sentencing Guidelines, revocation of probation is treated the same as revocation of supervised release or parole. U.S. Sentencing Guidelines Manual S 4A1.2(k) (2001).

Kissinger argues that his allegedly invalid record as a probation violator may cost him a bail release. Yet a former probation violation is one factor of many that would guide a judge's discretion on bail release, 18 U.S.C.S 3142(g); Probber, 170 F.3d at 349, and the collateral consequence of such discretionary decisions are incapable of rendering this appeal live. Spencer, 523 U.S. at 16; Lane, 455 U.S. at 632-33.

Kissinger also argues that an allegedly invalid probation violation would have the effect of chilling his constitutionally protected speech. While expressing no opinion as to whether this injury is sufficient to meet Article III's injury-in-fact requirement, we conclude that this injury does not present a sufficient collateral consequence. First, the alleged chilling effect is too speculative to afford this court jurisdiction. It is precisely this sort of speculation that Spencer deems insufficient to bypass the Article III constraints. Spencer, 523 U.S. at 15-16. Second, Kissinger would be chilled from exercising his free speech rights only while committing an offense. If he is not committing an offense, then his record as a probation violator will not disadvantage him. Because any possible chill is contingent upon Kissinger's prediction of his future criminal activity, it fails to serve as an adequate collateral consequence. See Spencer, 523 U.S. at 15; Lane, 455 U.S. at 632 n. 13.

III

Lastly, Kissinger argues that this case presents a situation that is capable of repetition yet evading review, a narrow exception to the mootness doctrine. County of Morris v. Nationalist Movement, 273 F.3d 527, 534 (3d Cir. 2001). See also City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations"). This exception will rescue a moot controversy only if "(1) the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." Spencer, 523 U.S. at 17, quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 481 (1990). See also Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001).

Kissinger has not established that the challenged probation condition is in its duration too short to be fully litigated prior to its expiration. Other challenges to probation conditions have been decided by this court. United States v. Loy, 237 F.3d 251, 267-70 (3d Cir. 2001) (condition of supervised release); United States v. Crandon,

173 F.3d 122, 127-28 (3d Cir. 1999) (condition of supervised release); United States v. Warren, 186 F.3d 358, 366-67 (3d Cir. 1999) (condition of probation). It thus cannot be said that challenges to probation conditions are in their nature too short to be fully litigated. See, e.g., Dilley v. Gunn, 64 F.3d 1365, 1369 (9th Cir. 1995) ("The scores of cases in which we have reviewed [similar] claims . . . demonstrate that these cases do not generally evade review").

Kissinger has also failed to establish a reasonable probability that he will again be arrested, convicted, and placed on probation with the challenged condition. Instead, Kissinger contends only that his political activities increase his chances of arrest, whether or not he has actually committed any offense, "simply because he does not avoid the company of those engaged in rowdy and sometimes unrestrained actions [when] expressing unpopular political views." Insofar as Kissinger argues that he is of the type who is more likely that the general citizen to commit a crime, this sort of speculation cannot resurrect his moot

7

claim. "Such conjecture as to the likelihood of repetition has no place in the application of this exceptional and narrow grant of judicial power." Abdul-Akbar v. Watson, 4 F.3d 195, 207 (3d Cir. 1993). Insofar as he argues that he will be wrongfully arrested, he faces the additional hurdle of establishing a reasonable expectation that he will be wrongfully convicted, which he has not done.

Even if Kissinger is later arrested, there is no reasonable expectation that he will again be put on probation with the challenged condition and again be denied permission to travel to political demonstrations. See, e.g. , Abdul-Abkar, 4 F.3d at 206-207 (refusing to invoke the exception absent a demonstrated probability that the former inmate will be incarcerated again and be among the inmate population of the specific prison challenged); Doe, 257 F.3d at 314 (refusing to invoke the exception absent reasonable likelihood that the former prisoner will be subjected to the same challenged prison practices in the same prison facility); Schepp v. Fremont Cty., 900 F.2d 1448, 1453 (10th Cir. 1990) (refusing to invoke the exception in a challenge to a probation revocation because plaintiff failed to show a reasonable expectation that he would again be tried and convicted in Wyoming and then released on probation).

Because there is no live case or controversy before us, Kissinger's appeal must be dismissed.

APPEAL DISMISSED

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit