

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-15-2005

# In re: Georges

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3080

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In re: Georges " (2005). *2005 Decisions.* Paper 1011.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1011

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3080

IN RE: GEORGE A. GEORGES,

Debtor

GEORGE A. GEORGES,

Appellant

v.

JEAN D. GEORGES

CHRISTINE C. SHUBERT, ESQ. CHAPTER 7 TRUSTEE,

Trustee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No. 03-cv-05225)
District Court Judge: The Honorable Clarence C. Newcomer

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2005

Before: SCIRICA, <u>Chief Judge</u>, and ALITO and GARTH, <u>Circuit Judges</u>

(Opinion Filed: June 15, 2005)

PER CURIAM:

Because we write only for the parties, we do not set forth the facts of this case. George A. Georges ("Mr. Georges") challenges the District Court's finding that his appeal of the dismissal to reopen his bankruptcy case under 11 U.S.C. § 524 was moot. We have jurisdiction pursuant to 28 U.S.C. § 158(d) and 28 U.S.C. § 1291. For the reason stated below, we affirm the District Court.

## I.

We review a district court's review of a final order of a bankruptcy court in a plenary fashion. In re Trans World Airlines, Inc., 145 F.3d 124, 130 (3d Cir. 1998). This includes a district court's decision on mootness. State of N.J., Dept. of Env't Protection and Energy v. Heldor Indus. Inc., 989 F.2d 702, 705 (3d. Cir. 1993).

## II.

Mr. Georges argues that the reopening of his bankruptcy case solely for the purpose of filing a complaint to determine dischargeability of the debt under 11 U.S.C. § 523(a) does not moot his appeal of a prior denial of a motion to reopen his case to enforce discharge under 11 U.S.C. § 524. Mr. Georges premises his argument on the assertion that reopening a bankruptcy case under 11 U.S.C. § 523(a) does not address the superseding question of whether the prosecution of a pending equitable distribution action

2

brought by his ex-wife should have been stayed by his May 6 bankruptcy discharge pursuant to 11 U.S.C. § 524.

Under Article III, § 2, of the United States Constitution, federal courts have the ability to entertain only cases and controversies. Article III requires that an actual controversy exist through all stages of litigation, including appellate review. United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002). As a result, a case should be dismissed as moot where "developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief...." Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001).

Mr. Georges' appeal of the Bankruptcy Court's denial of his motion to reopen his bankruptcy case under 11 U.S.C. § 524 is now moot. The discharge injunction Mr. Georges' 11 U.S.C. § 524 motion requested against his ex-wife's then pending equitable distribution claim in state court can no longer be granted since the state court has since issued an equitable distribution order. Because Mr. George's 11 U.S.C. § 524 motion is now moot, we need not address whether a debtor in bankruptcy facing a pending equitable distribution claim that has not yet been disposed of in the state court is entitled to the discharge of the equitable distribution claim.

For the foregoing reason, we affirm the order of the District Court.