NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3817

_____

UNITED STATES OF AMERICA

v.

ANTHONY LAMAR WILLIAMS,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00444)
District Judge: Honorable James T. Giles

_____

Submitted Under Third Circuit LAR 34.1(a)
March 26, 2010

Before: RENDELL and FUENTES, Circuit Judges,
and KUGLER, District Judge*.

(Filed :April 8, 2010)

_____

OPINION OF THE COURT

_____


_____

* Honorable Robert B. Kugler, Judge of the United States District Court for
the District of New Jersey, sitting by designation.

RENDELL, Circuit Judge.

Anthony Lamar Williams appeals from the District Court's revocation of his supervised release, contending that there was insufficient evidence to support his violation, and that his above-guideline sentence was unreasonable. We will dismiss Williams's appeal as moot because he has been unconditionally released from confinement.

**I.**

On July 25, 2002, Williams was indicted for one count of bank fraud and seven counts of passing forged U.S. Treasury checks. On October 4, 2004, he was sentenced to nineteen months in prison and five years of supervised release, and he was ordered to pay a $100 fine, $4,557.38 in restitution and an $800 special assessment. After his supervised release began, he repeatedly failed to report to his probation officer and then absconded. At his violation hearing, Williams blamed his behavior on a drug problem. Accordingly, the District Court continued his supervised release with the added condition that he participate in inpatient drug treatment.

Williams continued his pattern of poor compliance by failing to report on thirteen additional occasions, failing to submit monthly reports, failing to appear for a prearranged home visit, testing positive for morphine, failing to report for a court-ordered inpatient drug treatment program, and absconding from supervision. After receiving notice of a warrant for his arrest for violating his supervised release, he failed to report to his

2

probation officer and remained a fugitive until he was arrested for a local burglary charge. This conduct led to the violation of supervised release at issue on this appeal.

The statutory maximum for Williams's multiple violations was thirty-six months of imprisonment and five years of supervised release less any time served in custody. The Sentencing Guidelines recommended a range of seven to thirteen months of imprisonment. The District Court sentenced Williams to thirty months of imprisonment (with credit for time previously served by Williams while awaiting resolution of the proceedings), reimposed the fine, restitution, and special assessment, and explicitly noted that "[u]pon release from the Bureau of Prisons, defendant's federal supervised release is terminated." App. 16. Williams served his sentence and was released from custody on January 23, 2009.

## II.

We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the question of whether we have jurisdiction to consider the appeal. *In re Blatstein*, 192 F.3d 88, 94 (3d Cir. 1999).

The Government argues that because Williams has been released from all confinement, the appeal is moot and must be dismissed. We agree. Williams's appeal was docketed in September 28, 2007. There was extensive delay in the briefing by both

3

sides.[1]  The matter was fully briefed and submitted for our determination on March 26, 2010.  Meanwhile, as noted above, Williams was released from custody over a year ago, in January 2009.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court held that a challenge to a parole revocation was moot because the defendant completed the term of imprisonment resulting from the parole violation.  In *United States v. Kissinger*, 309 F.3d 179, 181-82 (3d Cir. 2002), we explicitly extended *Spencer* to an appeal involving a probation violation.  We also implicitly acknowledged that *Spencer* may be applied to violations of supervised release, because we acknowledged and relied upon decisions of other Courts of Appeals that applied *Spencer* to supervised release proceedings:

> Several courts have applied *Spencer* to the revocation of supervised release. *United States v. Meyers*, 200 F.3d 715, 721 n.2 (10th Cir. 2000) ("This court can discern no relevant differences between parole and supervised release which would militate against the applicability of *Spencer*"); *United States v. Clark*, 193 F.3d 845, 847-48 (5th Cir. 1999) (per curiam) (applying *Spencer* and dismissing as moot a challenge to the District Court's extension of supervised release); *United States v. Probber*, 170 F.3d 345, 348-49 (2d Cir. 1999) (applying *Spencer* and dismissing as moot a challenge to the revocation of supervised release).

*Kissinger*, 309 F.3d at 181.

While in *Spencer* the Supreme Court noted that the appeal may not be moot if the

---

[1] Williams's counsel sought time extensions totaling 168 days, and eventually filed a brief on October 26, 2009.  The government also sought extensions of time to file its brief totaling thirty-seven days.

4

appellant affirmatively states collateral consequences of the conviction in the record, 523 U.S. at 10-11, Williams did not file a reply brief or otherwise challenge the Government's assertion of mootness. He has not urged the existence of any collateral consequences.[2]

Given our reasoning in *Spencer*, we conclude that Williams's appeal is moot. He completed his prison term on January 23, 2009, and has not alleged any collateral consequences. Accordingly, we will enter an order dismissing Williams's appeal as moot.

---

[2] Nor is there any suggestion elsewhere in the record that there are collateral consequences that would render the matter not moot.