NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-4754 and 09-1381
_____

UNITED STATES OF AMERICA

v.

ANN McHUGH,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cr-00176-001)
District Judge:  Honorable Anita B. Brody

_____

Argued June 23, 2010
Before:  SMITH, FISHER and GREENBERG, *Circuit Judges*.

(Filed: July 22, 2010)

Del Atwell (Argued)
39 5th Street
East Hampton, NY  11937
        *Counsel for Appellant*

Louis D. Lappen (Argued)
Office of United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
        *Counsel for Appellee*

_____

FISHER, *Circuit Judge*.

In May 2007, after undergoing psychological treatment at a federal prison medical facility, Ann McHugh pled guilty to two counts of threatening to assault and murder an official of the United States, in violation of 18 U.S.C. § 115(a)(1)(B). Stemming from this conviction, McHugh appeals the sentence imposed upon revocation of her supervised release (No. 08-4754), and the District Court's denial of her habeas petition to set aside her plea agreement and vacate her conviction (No. 09-1381). Having consolidated the cases, we will dismiss McHugh's appeal of her sentence as moot and affirm the District Court's denial of McHugh's habeas petition.

I.

On or about August 22, 2006, McHugh made several telephone calls to, and left voice mail messages for, Carol Messick and Dennis Carroll, two employees of the Centers for Medicare and Medicaid Services, a division of the United States Department of Health and Human Services, threatening to assault and murder them out of frustration over McHugh's inability to fill prescriptions needed to treat her mental illness. Based on these allegations, a Magistrate Judge of the United States District Court for the Eastern District of Pennsylvania issued an arrest warrant and, shortly thereafter, ordered that McHugh be temporarily detailed in a federal prison medical facility to allow for her

competency to be evaluated. McHugh was then sent to the Federal Medical Center,

Carswell, in Fort Worth, Texas (Carswell) for evaluation.

On December 22, 2006, Carswell psychologists issued the first of two forensic

evaluations of McHugh, finding that her severe mental illness "currently renders her

unable to assist properly in her defense" but that "there is a substantial probability Ms.

McHugh will become competent following psychiatric treatment." (S.A. at 7.) After

further treatment, Carswell issued a second report on March 5, 2007. The evaluation

stated in its body – a section entitled "**CASE FORMULATION**" – that McHugh was

able to assist in making a plea agreement, but unable at that point to assist at trial:

> "[Ms. McHugh's] ability to assist her attorney appropriately in her defense
> is dependent on what she will be called upon to do. Ms. McHugh is able to
> comprehend and provide input into a plea agreement despite her rather
> fragile mental state. However, if the case were to proceed to a trial, Ms.
> McHugh would be unready for such demands at this point. Hence, as long
> as her case is able to be resolved through a plea agreement as is currently
> contemplated, Ms. McHugh is mentally competent to assist in her defense."

(*Id.* at 14.) The evaluation then concluded in broader terms,

> "**OPINION ON COMPETENCY TO STAND TRIAL:** Based on
> observation and interviews, it is our professional opinion Ms. McHugh has
> now recovered from symptoms of a mental disease to the extent she is able
> to understand the nature and consequences of the proceedings against her
> and assist properly in her defense."

(*Id.* at 15.) Accordingly, on March 29, 2007, the Magistrate Judge found McHugh

competent for further court proceedings.

3

On March 30, 2007, McHugh was charged with two counts of threatening to assault and murder an official of the United States, in violation of 18 U.S.C. § 115(a)(1)(B). McHugh pled guilty to both counts before the District Court, waiving her right to appeal or collaterally attack her conviction or sentence. The District Court sentenced McHugh to imprisonment of time served, three years of supervised release, and a special assessment of $200.

### A. Sentence (No. 08-4754)

On July 9, 2008, the Probation Office filed a petition alleging that McHugh had violated the terms of her supervised release by failing to comply with a court-ordered treatment plan that required McHugh to reside at the Community Residential Rehabilitation Center and receive treatment from Fellowship Health Resources. More specifically, the petition alleged that McHugh refused to take her prescribed medication and engaged in disruptive behavior causing her removal from the facility.

The District Court held a hearing on the violation petition on July 14, 2008. Instead of ruling on the petition, the Court modified the conditions of McHugh's supervised release to commit her to the Bureau of Prisons for additional psychiatric evaluation and treatment, to be followed by further proceedings on the violation petition. Thereafter, at the continuation of the hearing on November 25, 2008, the Court found that McHugh had violated the terms of her supervised released. In an order dated December 2, 2008, the Court revoked McHugh's supervised release and sentenced

McHugh to 30 days of imprisonment "with no period of supervised release to follow the period of incarceration." (McHugh Br. No. 08 at A4.) McHugh filed a timely notice of appeal.[1]

### B. Habeas Petition (No. 09-1381)

On August 4, 2008, in between her revocations hearings, McHugh filed a habeas petition pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. McHugh argued that her trial counsel was ineffective for failing to argue (1) that McHugh was incompetent to plead guilty; (2) that there was no evidence of a direct threat against Carroll; (3) that McHugh's statements lack sufficient specificity to establish that she formed a firm intent to assault or kill Messick; and (4) that the alleged targets of McHugh's threats were not "official persons" as contemplated by 18 U.S.C. § 115(a)(1)(B). On October 16, 2008, after briefing by the parties, the District Court denied the first claim on the merits and dismissed the latter three claims as waived in the plea agreement. The Court also declined to issue a certificate of appealability, finding that McHugh had not made a substantial showing of the denial of a constitutional right. McHugh filed a timely notice of appeal, followed by a motion for a certificate of appealability, which we granted.[2]

---

[1]The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3583(e). We have jurisdiction over the District Court's final decision pursuant to 28 U.S.C. § 1291.

[2]The District Court had jurisdiction pursuant to 28 U.S.C. § 2255, and we have jurisdiction under 28 U.S.C. § 1291.

5

II.

Our standard of review is distinct for each appeal. Following *Booker*, we review a sentence imposed upon the revocation of supervised release for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a). *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007); *see also Gall v. United States*, 552 U.S. 38, 46 (2007). In contrast, when the District Court rules on a petition for a writ of habeas corpus without conducting an evidentiary hearing, our review is plenary. *McMullen v. Tennis*, 562 F.3d 231, 235-36 (3d Cir. 2009).

III.

A. Sentence (No. 08-4754)

On direct appeal, McHugh argues that her sentence imposed upon revocation of supervised release was substantively unreasonable because a condition of that sentence was that McHugh "comply with medication recommendations of the Bureau of Prisons," (McHugh Br. No. 08 at 8), even though the previously prescribed antipsychotic drugs caused her side effects, even allegedly "physically debilitating side effects" in the case of Risperdal, (*id.* at 8-9.) We must dismiss this claim as moot.

Article III, § 2 of the Constitution requires that a live case or controversy exist through all stages of litigation, including appellate review. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). "[O]nce a litigant is unconditionally released from criminal confinement, the litigant must prove that he or she suffers a continuing injury

6

from the collateral consequences attaching to the challenged act." *Id.* at 181. Although the Supreme Court has created an exception for litigants challenging their criminal convictions, *see Sibron v. New York*, 392 U.S. 40, 55 (1968) ("[T]he obvious fact of life [is] that most criminal convictions do in fact entail adverse collateral legal consequences."), we have declined to extend the presumption to probation revocations, *see Kissinger*, 309 F.3d at 181; *see also Spencer v. Kemna*, 523 U.S. 1, 14 (1998) (declining to extend the presumption to attacks on parole revocations).

In the present case, it is undisputed that McHugh has completed her period of incarceration and is no longer on supervised release. Since McHugh's counsel has not alleged, either in the briefs or at oral argument, that McHugh "suffers a continuing injury from the collateral consequences attaching to the challenged act," *Kissinger*, 309 F.3d at 181, we must dismiss this appeal as moot.[3]

### B. Habeas Petition (No. 09-1381)

In appealing the denial of her habeas petition, McHugh argues that she was denied effective assistance of counsel when her trial counsel failed to argue that she was

---

[3]We do not mean to suggest that McHugh's appeal otherwise would have had merit. Looking at the record and counsel's arguments, it is doubtful whether the District Court actually imposed the condition that McHugh alleges is unreasonable.

incompetent to plead guilty.[4]  In support of this assertion, McHugh relies exclusively on an alleged inconsistency in the body of her forensic evaluation, which states,

> "[Ms. McHugh's] ability to assist her attorney appropriately in her defense is dependent on what she will be called upon to do.  Ms. McHugh is able to comprehend and provide input into a plea agreement despite her rather fragile mental state.  However, if the case were to proceed to a trial, Ms. McHugh would be unready for such demands at this point."

(S.A. at 14.)  McHugh contends that this variance contravenes *Godinez v. Moran*, 509 U.S. 389 (1993), in which the Supreme Court held that the same competence standard applies for defendants who plead guilty as for those who proceed to trial.  *See id.* at 398 ("[W]e reject the notion that competence to plead guilty . . . must be measured by a standard that is higher than (or even different from) the [trial] standard.").  According to McHugh, "It was not within the province of the reporting psychiatrist to offer a dual diagnostic opinion depending on what legal course of action would be taken.  It was even more improper for defense counsel to accept such an opinion. . . .  [T]his double edged diagnosis contravenes the accepted standard of *Godinez* and its progeny."  (McHugh Br. No. 09 at 6.)

Even without delving into the merits of such an argument, McHugh's ineffective assistance of counsel claim fails.  To prevail on such a claim, McHugh must establish (1) that her trial counsel's performance was deficient, and (2) that the deficient

---

[4]McHugh has not appealed the remaining three ineffective assistance of counsel claims.  Accordingly, we need not address whether the District Court erred in dismissing those claims as waived in the plea agreement.

performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). McHugh has not met the first prong.

To establish deficient performance, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Here, it is clear that trial counsel was reasonable to rely on the forensic evaluation's conclusion that "[McHugh] is able to understand the nature and consequences of the proceedings against her and assist properly in her defense." (S.A. at 15.) Counsel's decision was buttressed by the fact that McHugh showed the utmost competency at the plea hearing – asking and answering questions in a thoughtful and intelligent manner – which we note to be in stark contrast to the erratic behavior she demonstrated at subsequent probation revocation hearings, before which time McHugh had long since ceased taking proper medication for her psychiatric problems. Furthermore, it is puzzling how McHugh's trial counsel's performance could be considered unreasonable when it effected a sentence of time served and McHugh's immediate release from custody, whereas a finding of incompetency would have required McHugh to undergo further medical treatment at a federal prison medical facility. At oral argument, McHugh's counsel offered no explanation as to why

McHugh's trial counsel was deficient under these circumstances.[5] Therefore, we will affirm.[6]

IV.

For the foregoing reasons, we will dismiss McHugh's appeal of her sentence as moot and affirm the District Court's order denying in part and dismissing in part the petition for a writ of habeas corpus.

---

[5]Still, we thank appointed counsel for his representation given the challenging posture of this case.

[6]Even if McHugh had shown deficient performance, McHugh still failed to meet the second *Strickland* prong. To establish prejudice, a defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. To do so, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Here, a finding of incompetency would have delayed the proceedings against McHugh until she became competent, which the initial evaluation stated would likely occur with continued treatment. *See* 18 U.S.C. § 4241(d) (mandating commitment until mental condition is improved if there is a substantial probability that competency will be obtained). McHugh would then have had to, once again, either plead guilty or proceed to trial. On appeal, McHugh does not allege that she would have received a more favorable plea agreement had the proceedings been delayed, nor that she had any viable defenses that may have succeeded at trial. On the contrary, McHugh was not prejudiced by, but rather benefitted from, counsel's performance – receiving a sentence of time served and an immediate release from custody instead of facing re-commitment. Judge Smith does not join in this alternate rationale.

10