NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1475
_____

UNITED STATES OF AMERICA,

Appellee,

v.

MELVIN R. PETERSEN,

Appellant.


_____


On Appeal from the District Court
for theVirgin Islands
(D.C. Civ. No. 96-261)
District Judge: Curtis V. Goméz

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 14, 2010

Before: MCKEE, Chief Judge, FUENTES, SMITH, Circuit Judges.

(Opinion Filed: December 14, 2010)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Melvin Petersen ("Petersen") appeals from the modification pursuant to 18 U.S.C. § 3852(c)(2) of his sentence for crack cocaine possession. For the reasons given below, we dismiss this case as moot.[1]

## I.

Because we write primarily for the parties, we set forth only the facts and history that are relevant to our conclusion. In 1998, Petersen was convicted in federal district court of a charge of possession of crack cocaine with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 860. He was sentenced to a mandatory minimum of 240 months' imprisonment and 10 years of supervised release. The government now concedes that Petersen's sentence was based on a miscalculation of the appropriate sentence under the federal sentencing guidelines; however, Petersen never raised the error in his sentencing at any point until the present appeal. In April 2000, we affirmed Petersen's conviction on direct appeal.

In 2008, Petersen requested a retroactive sentence reduction pursuant to the United States Sentencing Commission's 2007 amendment in 18 U.S.C. § 3852(c)(2) of the federal sentencing guidelines respecting crack cocaine offenses. *See, e.g.*, *United States v. Fleming*, 617 F.3d 252, 256 (3d Cir. 2010). After some delay, on February 4, 2010, the district court modified Petersen's sentence to 151 months' imprisonment and 6 years of supervised release. Petersen completed his sentence and was released on February 12, 2010, whereupon he filed this appeal.

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

Petersen, who appears pro se, argues his original sentence was "illegal" because of the error in his sentencing calculation. Therefore, he contends, the District Court lacked the authority simply to resentence him, but instead was required to "go . . . back to the judgment." We construe this as a request for a full resentencing proceeding. If the modification of Petersen's sentence was, indeed, a resentencing proceeding, then Petersen's appeal would be timely. Federal Rules of Appellate Procedure 4(b)(1)(A)(i).

However, the United States argues that, as Petersen has now been released from prison, his appeal of his sentence is moot. This is correct. Article III requires that an actual case or controversy exist at the time of appellate review. *United States v. Kissinger*, 309 F.3d 179, 180 (3d Cir. 2002). A live controversy is presumed to exist, even after release, in the case of a defendant's challenge to a *conviction*, the effects of which may well be felt in the future. *Sibron v. New York*, 392 U.S. 40, 55 (1968). However, "[a] defendant who is serving a term of supervised release and challenges only his completed sentence of imprisonment must show collateral consequences" of that sentence of imprisonment to demonstrate that there is still a live controversy. *United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008). When "the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." *Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009). Petersen has not even suggested a collateral consequence of his incarceration, much less proven one. And we note that, although Petersen may still be within his term of supervised release, he does not address his supervised release in his briefs at all, only his incarceration.

3

Even if this case were not moot, this appeal would be untimely. When granting a sentence reduction pursuant to § 3852(c)(2), a district court does not engage in "a sentencing or resentencing proceeding," but instead a "modification of a term of imprisonment." *Dillon v. United States*, 130 S. Ct. 2683, 2690 (2010). In *Dillon*, the prisoner contended that "any mistakes committed at the initial sentencing are imposed anew if they are not corrected." Therefore, during his own sentence-reduction hearing under § 3852(c)(2), Dillon argued, the district court should also have corrected alleged errors in the calculation of his "original" sentence. The Supreme Court rejected this argument, holding that such errors were "outside the scope of the proceeding authorized by [§ 3582]," and thus could not have been addressed by the district court. 130 S.Ct. at 2694.

The situation here is effectively identical. In its February 2010 order, the District Court did not "impose anew" the errors in the original calculation of Petersen's sentence, but merely modified that sentence pursuant to the limited authority granted it by § 3852(c)(2). Thus, Petersen is effectively seeking review of his 1998 sentence, not of the District Court's order some twelve years later. Such a request is clearly untimely under Fed. R. App. P. 4(b)(1)(A)(i).

## II.

For the foregoing reasons, we will dismiss this appeal as moot.