**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2673
_____

UNITED STATES OF AMERICA

v.

GLEN JOSEPH,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 5-14-cr-00621-001
District Judge: The Honorable Jeffrey L. Schmehl

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 25, 2019

Before: SMITH, *Chief Judge*, McKEE, and AMBRO, *Circuit Judges*

(Filed: September 26, 2019)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Chief Judge*.

Defendant Glen Joseph challenges the sentence he received following his conviction of various offenses via jury trial. Specifically, Joseph argues that the District Court failed to adequately consider a future state parole sentence resulting from the same underlying conduct and failed to give Joseph an acceptance of responsibility adjustment to which he was entitled. BOP records indicate that Joseph was released from prison on May 28, 2019.

As a threshold matter, we must address whether we have jurisdiction to adjudicate this appeal. *See United States v. Grape*, 549 F.3d 591, 597 (3d Cir. 2008). Where a criminal defendant is challenging a sentence that he has already served in its entirety, he generally must prove that he is suffering a continuing injury in order to avoid mootness. *See United States v. Kissinger*, 309 F.3d 179, 181 (3d Cir. 2002). In some instances, a defendant may be able to establish continuing jurisdiction where he is serving a term of supervised release and it is likely that the District Court would credit time overserved in prison against the term of supervised release. *See United States v. Cottman*, 142 F.3d 160, 165 (3d Cir. 1998). As to this option, however, the Supreme Court has since clarified that a term of supervised release is separate from a term of incarceration and should not be reduced based only on the fact a defendant overserved in prison. *United States v. Johnson*, 529 U.S. 53, 60 (2000). Following *Johnson*, our Court therefore held that it must be "likely" that the sentencing court

2

would reduce the defendant's term of supervised release in order for there to be a live case or controversy after a defendant has been released. *Burkey v. Marberry*, 556 F.3d 142, 149–50 (3d Cir. 2009).

In supplemental briefing addressing the question of jurisdiction, Joseph identified no collateral consequences stemming from the alleged sentencing error. Instead, Joseph argues only that "if he prevails on his appeal and his case is remanded for resentencing, he may receive a credit against his term of supervised release for the excess term of imprisonment to which he was subjected." Suppl. Br. 4. In making this argument, Joseph relies on *United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008). In *Jackson*, however, the defendant was serving a term of supervised release and on appeal was challenging the length of that term of supervised release. *Id.* at 242 ("Since Jackson is currently serving a term of supervised release, and because her challenge is to whether that term of release is reasonable, the issues of mootness and jurisdiction . . . do not arise."). Thus, the reasoning in *Jackson* is inapposite. *See Burkey v. Marberry*, 556 F.3d 142, 148 (3d Cir. 2009) ("In *Jackson,* we held that collateral consequences are presumed where the appellant was still serving a term of supervised release and her challenge was to the reasonableness of the supervised release term. Where, however, the appellant is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." (internal citation omitted)).

Here, we see no reason to conclude the District Court would be likely to reduce the supervised release sentence it imposed a year ago, nor did Joseph suggest any basis for such a conclusion. Indeed, he points to nothing more than a speculative chance that the District Court might reduce his supervised release term. Under *Burkey*, this is far too thin a basis for the exercise of appellate jurisdiction. *Burkey*, 556 F.3d at 149 ("The possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release . . . is so speculative that any decision on the merits . . . would be merely advisory.").

Nor could Joseph provide anything more than speculation, as the record indicates it is unlikely that the District Court would reduce Joseph's term of supervised release. He faced a supervised release range of one to three years, and the District Court chose to impose the high end of that range. The independent import of the supervised release sentence, separate and apart from the term of incarceration, is demonstrated by the special conditions of supervised release imposed by the District Court, which include participation in a mental health program, among other things. *See United States v. Johnson*, 529 U.S. 53, 60 (2000) ("In the instant case, the transition assistance ordered by the trial court required respondent, among other conditions, to avoid possessing or transporting firearms and to participate in a drug dependency treatment program. These conditions

illustrate that supervised release, unlike incarceration, provides individuals with postconfinement assistance."). Under *Burkey*, this case is therefore moot.[1]

Because Joseph has failed to establish that we have jurisdiction, we will dismiss this appeal.

---

[1] Joseph remains free to seek a modification of the term of supervised release under 18 U.S.C. § 3583(e)(1). *See also United States v. Johnson*, 529 U.S. 53, 60 (2000).