**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1021
_____

UNITED STATES OF AMERICA

v.

RONALD PEPPERS,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-00-cr-00105-001)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 12, 2019
_____

Before: CHAGARES, JORDAN, and RESTREPO, *Circuit Judges*.

(Filed: October 18, 2019)
_____

OPINION[*]
_____

_____

  [*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), Appellant Ronald Peppers was resentenced on December 19, 2018, to statutory maximum terms of ten years' imprisonment and three years' supervised release. He has appealed the ten-year term of imprisonment based on arguments that the District Court failed to assess the sentencing guidelines table of the U.S. Sentencing Commission Guidelines Manual in an incremental manner and that the Court's upward departure from the Guidelines range was unreasonable. For the reasons that follow, we find that his appeal is moot and will dismiss it for lack of jurisdiction.

## I

### A

As we write solely for the parties, we recite only the facts and procedural history necessary for this opinion.[1] In 2003, Peppers was sentenced to fifteen years' imprisonment for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The District Court imposed this punishment pursuant to the Armed Career Criminal Act ("ACCA"), which prescribes a fifteen-year minimum sentence when someone has at least three qualifying past convictions.

Peppers later challenged this sentence as unconstitutional in a motion under 28 U.S.C. § 2255 following the Supreme Court's decision in *Johnson*, 135 S. Ct. 2551. *Johnson* invalidated the "residual clause" of the ACCA, narrowing its application. The

---

[1] For a more fulsome factual background and procedural history, please reference our earlier opinion in this case, *United States v. Peppers*, 899 F.3d 211 (3d Cir. 2018).

District Court denied Peppers's motion, having found that his prior convictions remained predicate offenses under the remaining clauses of the ACCA. Peppers appealed, and we vacated that decision and remanded the case in order for the District Court to determine whether its errors in light of *Johnson* were harmless and to resentence Peppers if necessary.

**B**

The District Court held a resentencing hearing on December 19, 2018. Because it had been determined that Peppers no longer qualified for an ACCA-enhanced sentence, the applicable Guidelines range was 51–63 months. The statutory maximum penalty was 120 months (10 years). At the resentencing, defense counsel advocated for a 63-month sentence, without supervised release. Counsel argued that the Court should not impose a term of supervised release in part because "the Court can consider that a person has over-served their sentence." App. 88. At that time, Peppers had served about ten years and nine months.

The government advocated for an upward departure from the Guidelines range to the ten-year statutory maximum sentence, with a three-year statutory maximum term of supervised release. The District Court, in line with the government's request, imposed a ten-year sentence (releasing Peppers immediately from custody) and a three-year term of supervised release. The District Court justified this sentence "primarily based on criminal history" as follows:

> [Peppers's] record dates back to age 10. He was incarcerated in a
> maximum security facility for juveniles at age 14. He has a prior juvenile
> and adult convictions that did not receive points. He has eight criminal

3

history points more than is needed for a category VI. Except for the time spent in prison, he has been involved in the criminal justice system since 1975. The Defendant committed a federal offense while incarcerated and serving a state sentence. He is a danger to the community and has been undeterred by previous terms of incarceration and has a history of repeated supervision failure. There is a strong likelihood of recidivism. And the Court has imposed this sentence also to allow it to impose a term of supervised release. And for the reasons set forth by the Government, it might be helpful to the Court in order to get him on the right path that he should be on at his age and condition.

App. 91–92.

Peppers timely appealed the District Court's resentencing, arguing that the Court failed to assess the Guidelines table in an incremental manner and that the Court's upward departure from the Guidelines range to the statutory maximum term of imprisonment was unreasonable.

## II

### A

The government argues that this appeal is moot because Peppers challenges only his term of imprisonment, which he already served, and he has not demonstrated collateral consequences capable of sustaining a live case or controversy. Because mootness is jurisdictional, we cannot address the merits of Peppers's challenge to his 10-year sentence unless we determine that his appeal presents a live case or controversy under Article III, § 2 of the Constitution.[2] *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009), *cert. denied*, 558 U.S. 969 (2009);

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and 28 U.S.C. § 2255. Provided there is a live case or controversy in this matter, this Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

*United States v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Burkey*, 556 F.3d at 147 (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)).

Mootness does not arise when a defendant who *remains imprisoned* challenges his conviction or sentence, nor when a defendant "who is serving a term of supervised release elects to challenge only his sentence of supervised release." *Jackson*, 523 F.3d at 241. In those instances, "[a] defendant enjoys a presumption of collateral consequences." *Id.* But, when a defendant who is on supervised release challenges "only his completed sentence of imprisonment," we will not presume collateral consequences, and the appellant must set them forth. *Id.*; *see also Spencer*, 523 U.S. at 8; *Burkey*, 556 F.3d at 147. Here, Peppers challenges the ten-year sentence of imprisonment that he already served; he does not challenge his three-year sentence of supervised release. Thus, he must demonstrate specific "continuing collateral consequences."[3] *Spencer*, 523 U.S. at 8.

**B**

In determining whether a defendant's asserted collateral consequences suffice to demonstrate a live case or controversy, we assess "the 'likelihood' that a favorable decision would redress the injury or wrong." *Burkey*, 556 F.3d at 148; *see also Spencer*, 523 U.S. at 16 (rejecting collateral consequences where it was "purely a matter of speculation" as to whether they would occur). In *Burkey*, we held that a "'possibility' of redress" is insufficient to establish collateral consequences in this circuit. 556 F.3d at

---

[3] Peppers does not argue that his collateral consequences should be presumed.

150 (analyzing other circuits' case law holding that a "possibility" of redress *is* sufficient and finding it out of sync with the "Supreme Court's directives in *Lewis* and *Spencer*"). In the Third Circuit, redress by a favorable judicial decision must be "likely" in order to stave off mootness. *Id.*

Peppers argues that he suffers two collateral consequences: (1) "If Mr. Peppers succeeds on appeal and the extent of the district court's upward departure to the statutory maximum [is] lessened, then the district court may consider some of the overserved time as part of the length of his supervised release" and (2) "he would have additional banked time [spent in prison] that, for example, could apply to a violation of his supervision." Appellant's Reply 2–3.

Peppers's first asserted collateral consequence is not sufficient because it is "unlikely." To support a live case or controversy, a credit toward supervised release due to a wrongfully imposed sentence must be "likely." *See Burkey*, 556 F.3d at 151 (stating that "no court has held that the existence of the discretion available under the supervised release statute, 18 U.S.C. § 3583(e), is probative of the question of whether it is 'likely,' as is required by *Lewis* and *Spencer* as part of the inquiry into mootness, that a sentencing court in a particular case will provide relief"); *see also United States v. Cottman*, 142 F.3d 160, 165 (3d Cir. 1998) (finding that a sentence reduction "would *likely* merit a credit against Cottman's period of supervised release for the excess period of imprisonment to which Cottman was subjected" (emphasis added)).

Peppers does not attempt to argue that the District Court would "likely" reduce his term of supervised release if we were to find in his favor. Appellant's Reply 2 (arguing

6

only that a district court "may" consider overserved time).  And this omission is for good reason: at resentencing, the District Court imposed the statutory maximum term of supervised release in spite of Peppers's overserved prison time.  The District Court based Peppers's sentence "primarily . . . on criminal history" and on his "strong likelihood of recidivism."  App. 91–92.  The Court also noted that the term of supervised release "might be helpful" to "get him on the right path."  App. 92.  In short, there is no reason to think that the District Court would budge on its supervised release decision in light of a reduced term of incarceration, and there is ample reason to think otherwise.

Peppers's second, "banked time," argument is foreclosed by precedent rejecting similar claims.  In *Spencer*, the Supreme Court stated:

> Petitioner's second contention is that the Order of Revocation could be used to increase his sentence in a future sentencing proceeding.  A similar claim was likewise considered and rejected in *Lane*, because it was contingent upon respondents' violating the law, getting caught, and being convicted.  "Respondents themselves are able—and indeed required by law—to prevent such a possibility from occurring."

523 U.S. at 15 (quoting *Lane v. Williams*, 455 U.S. 624, 632 n.13 (1982)); *see also Jackson*, 523 F.3d at 240 ("The other factor mentioned by this Court in *Cottman*, the possible collateral consequence of a sentencing error impacting a future federal criminal conviction and sentence, has been discredited by the Supreme Court and other circuits."); *United States v. Kissinger*, 309 F.3d 179, 182 (3d Cir. 2002) ("This collateral consequence is insufficient to breathe life into the mooted controversy because the possible effect of an increased sentence depends on Kissinger's subsequent commission

7

and conviction of a crime."). Because Peppers's "banked time" argument depends on him violating the terms of his supervised release, it is an insufficient collateral consequence.

### III

Peppers has not demonstrated that any collateral consequences resulted from his sentence of imprisonment adequate to meet Article III's injury-in-fact requirement. Accordingly, his appeal is moot, and we will dismiss it for lack of jurisdiction.