NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2617

_____

UNITED STATES OF AMERICA

v.

KEENAN POWELL-RYDER
a/k/a
Kenan Powell-Ryder,
                    Appellant

_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Crim. No. 3-16-cr-00020-001)
District Judge: Honorable Robert A. Molloy

_____

Argued on May 4, 2021

Before:  KRAUSE, PORTER, FISHER, *Circuit Judges*.

(Filed: July 8, 2021)

Matthew A. Campbell  **ARGUED**
Kia D. Sears
Office of Federal Public Defender
1336 Beltjen Road
Suite 202, Tunick Building
St. Thomas, VI 00802
        *Counsel for Appellant*

Gretchen C.F. Shappert, United States Attorney
Everard E. Potter  **ARGUED**
Office of United States Attorney
5500 Veterans Drive

United States Courthouse, Suite 260
St. Thomas, VI 00802
*Counsel for Appellee*

_____

OPINION[*]

_____

FISHER, *Circuit Judge*.

Appellant Keenan Powell-Ryder pleaded guilty to one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). He now appeals his sentence, arguing that the Government breached his plea agreement. Because this appeal focuses solely on Powell-Ryder's 21-month sentence of imprisonment, and because he recently completed that sentence and was released from prison, the appeal is now moot. We will therefore dismiss for lack of jurisdiction.[1]

I.

We cannot reach the merits of Powell-Ryder's appeal without first considering our own jurisdiction.[2] That jurisdiction is lacking if, as the Government contends, the appeal was mooted by Powell-Ryder's release from prison. "To say that an appeal is moot

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Although the constitutional basis of our jurisdiction is lacking, the statutory basis is not. 28 U.S.C. § 1291. As for the District Court, it had jurisdiction under 18 U.S.C. § 3231.

[2] *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 404 (3d Cir. 2016). On the other hand, we always have jurisdiction to determine our own jurisdiction. *United States v. Ruiz*, 536 U.S. 622, 628 (2002).

2

means that the court cannot provide the prevailing party with any relief."[3] "If this is true, there is no longer a controversy to decide as required by Article III of the United States Constitution," and "the appeal must be dismissed."[4]

Typically, "jurisdictional issues on account of mootness do not arise when a defendant who is imprisoned during the pendency of his appeal challenges . . . his sentence."[5] After release, however, "[a] defendant who is serving a term of supervised release and challenges only his completed sentence of imprisonment must show collateral consequences" to maintain a live case or controversy.[6]

This requirement applies to Powell-Ryder. He is now serving a mandatory minimum two-year term of supervised release, and he challenges only his completed sentence of imprisonment.[7] His opening and reply briefs focus entirely on that 21-month sentence; they do not mention, much less challenge, his term of supervised release. The same goes for Powell-Ryder's supplemental brief on mootness: it refers in passing to hypothetical future violations of supervised release, but it does not refer to the two-year term imposed by the District Court, and it certainly does not challenge "whether that term

---

[3] *Constand v. Cosby*, 833 F.3d 405, 409 (3d Cir. 2016) (citing *Chafin v. Chafin*, 568 U.S. 165, 172 (2013)).

[4] *Id.* (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)).

[5] *United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008).

[6] *Id.*

[7] The District Court imposed the minimum of two years' supervised release required by 21 U.S.C. § 841(b)(1)(D).

of supervised release is reasonable."[8] Powell-Ryder must therefore show some collateral consequences to avoid mootness.

We have recognized, in cases involving non-mandatory-minimum terms of supervised release, that "the possibility of a credit for improper imprisonment against a term of supervised release is sufficient to give us jurisdiction."[9] But here, as Powell-Ryder conceded at oral argument, the District Court lacks the discretion to grant such a credit at resentencing. That is because Powell-Ryder's statute of conviction requires the District Court to "impose a term of supervised release of at least 2 years."[10] And as the Supreme Court has explained, "a supervised release term does not commence until an individual 'is released from imprisonment.'"[11]

Powell-Ryder argues that the appeal is not moot for two reasons. First, he says that if we were to rule in his favor, the Bureau of Prisons could credit him eleven months of alleged over-imprisonment as "banked time," which Powell-Ryder could then apply against any hypothetical future revocation sentence. But this argument assumes that Powell-Ryder will violate the terms of his supervised release, something he is "able—and

---

[8] *United States v. Prophet*, 989 F.3d 231, 235 (3d Cir. 2021) (quoting *Jackson*, 523 F.3d at 242).

[9] *Id.* (quoting *Jackson*, 523 F.3d at 241); *see also United States v. Cottman*, 142 F.3d 160, 165 (3d Cir. 1998).

[10] 21 U.S.C. § 841(b)(1)(D).

[11] *United States v. Johnson*, 529 U.S. 53, 57 (2000) (quoting 18 U.S.C. § 3624(e)).

indeed required by law—to prevent."[12] Accordingly, a prospective award of banked time cannot give Powell-Ryder "a legally cognizable interest in the outcome" of his appeal.[13]

Powell-Ryder's second argument against mootness fares no better. He says a favorable ruling on the merits would increase his likelihood of success on a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1). But that purported benefit is too speculative to "breathe life" back into the appeal.[14] Powell-Ryder has not filed a motion under § 3583(e)(1). Even if he had, the District Court could grant relief, if at all, only "after the expiration of one year of supervised release."[15] Moreover, any relief presupposes that the District Court has considered eight different sentencing factors and assured itself that early termination would be "warranted by the conduct of the defendant released and the interest of justice."[16]

---

[12] *United States v. Kissinger*, 309 F.3d 179, 182 (3d Cir. 2002) (quoting *Spencer v. Kemna*, 523 U.S. 1, 15 (1998)).

[13] *Chafin*, 568 U.S. at 172 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)).

[14] *Kissinger*, 309 F.3d at 182; *see also Constand*, 833 F.3d at 409 (noting that "mere speculation 'afford[s] no basis for finding the existence of a continuing controversy as required by Article III'" (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 700 (3d Cir. 1996))).

[15] 18 U.S.C. § 3583(e)(1). For purposes of this analysis, we assume without deciding that a statutory mandatory minimum term of supervised release is eligible for early termination. *See United States v. Damon*, 933 F.3d 269, 275 n.3 (3d Cir. 2019) (declining to reach the issue), *cert. denied*, 140 S. Ct. 1212 (2020).

[16] 18 U.S.C. § 3583(e)(1). The sentencing factors that must be considered include "the nature and circumstances of the offense and the history and characteristics of the defendant," and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." *Id.* § 3553(a)(1), (2)(B).

In evaluating that last factor, the interest of justice, the District Court might well consider any conclusion of ours on the merits of Powell-Ryder's appeal. But nothing in the text of § 3583(e)(1) requires it to do so. And we certainly cannot exercise the District Court's discretion under § 3583(e)(1) on its behalf. Accordingly, we think it insufficient to avoid mootness here that a favorable ruling on the merits could possibly impact "one factor, among many, that may be considered by the" District Court if Powell-Ryder eventually decides to move for early termination.[17] Nor does Powell-Ryder's citation of contrary, non-binding authority persuade us otherwise.[18] For the reasons already stated, we will not assume that a favorable ruling here "would necessarily inform"[19] or "would carry great weight in"[20] the District Court's ruling on a hypothetical future § 3583(e)(1) motion.

---

[17] *Spencer*, 523 U.S. at 13 (quoting *Lane v. Williams*, 455 U.S. 624, 633 n.13 (1982)). Of course, if Powell-Ryder does later file a § 3583(e)(1) motion, he may at that time opt to argue that the Government breached the plea agreement. But we express no view on the merits of that argument.

[18] *See Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018) (holding that a defendant's release from prison did not moot his appeal because a favorable ruling on the merits "would carry great weight in a § 3583(e) motion"); *United States v. Epps*, 707 F.3d 337, 345 (D.C. Cir. 2013) (same result, because a favorable ruling "would necessarily inform the district court's evaluation" of such a motion).

[19] *Epps*, 707 F.3d at 345.

[20] *Pope*, 889 F.3d at 415.

## II.

For these reasons, we will dismiss the appeal as moot.[21]

---

[21] We decline Powell-Ryder's invitation to convert his appeal into a petition for a writ of mandamus. Mandamus is "a drastic remedy," appropriate only to redress "act[s] amounting to a judicial usurpation of power." *In re Nwanze*, 242 F.3d 521, 524 (3d Cir. 2001) (quoting *Hahnemann Univ. Hosp. v. Edgar*, 74 F.3d 456, 461 (3d Cir. 1996)). Nothing of the sort occurred here. And in any event, converting the appeal into a mandamus petition would not solve the mootness problem. Even if the statutory basis of our jurisdiction were § 1651 of Title 28 rather than § 1291, the constitutional basis would still be lacking.