## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2012

No. 11-51039

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL DEWAYNE KIRKLIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before DeMOSS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:

Samuel Dewayne Kirklin challenges the sentence imposed following the revocation of his supervised release. We find error that is plain but also determine that Kirklin's substantial rights were not affected. We AFFIRM.[1]

In 2006, Kirklin was convicted of possession with intent to distribute marijuana. He was sentenced to a term of imprisonment and then three years of supervised release. While serving his term of supervised release, he was charged with possession of illegal drugs and with a firearm offense.

The government filed a motion to revoke the supervised release, and a hearing was held. At his revocation hearing, the district court considered a

---

[1] The opinion issued on November 7 is withdrawn, and this opinion is substituted.

worksheet prepared by the probation office which calculated a Guidelines range of 18-24 months. The district court sentenced Kirklin to 18 months, half of which was to be served concurrently with, and half consecutively to, a state sentence. The Government informed the court that Kirklin already served the state sentences. The prosecutor was uncertain whether the Bureau of Prisons would give Kirklin credit for the time served. The probation officer interjected, "If you put [it in] the order, the [Bureau of Prisons] will look into it. I just can't guarantee that they will give him credit for it since he's already done that time." The district court responded:

> All right. Well, I will go ahead and put in the order that it should run concurrent. Then you need to understand, Mr. Kirklin, that I only have so much control. I can tell the [Bureau of Prisons]. I can't tell the state how to credit it. But I will attempt to get you that credit.

For the first time on appeal, Kirklin argues that the district court committed procedural error in structuring such a sentence. Because no objection was previously made, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Commentary in the Sentencing Guidelines for probation and supervised release violations states that a district court "may order a term of imprisonment to be served consecutively or concurrently to an *undischarged* term of imprisonment." U.S. Sentencing Guidelines Manual ch. 7, pt. B (2010) (emphasis added). The commentary relies on a statute that contains that same language, namely, that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." 18 U.S.C. § 3584(a). Here, in effect, the district court ordered a sentence to be served concurrently with a no-longer existing sentence. Kirklin urges us to remand for a new sentencing.

Because Kirklin did not object, our review is for plain error. Kirklin must show that the error he ignored in the district court was obvious and affected his

substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If those elements are met, then we must be convinced that correcting the error is necessary because it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

We conclude an error occurred that was obvious. Section 3584(a) authorizes a federal sentence to be served concurrently with an undischarged state sentence. Neither that section nor any other authorizes an order that a sentence be served concurrently with a discharged state sentence – indeed, it would make no sense.

The effect on Kirklin's substantial rights must now be considered. At the hearing, the prosecutor and the judge were uncertain how the Bureau of Prisons would treat this sentence. We considered a related question in one decision, namely, does a district court have the authority to order a sentence to be served consecutively to a not-yet entered sentence on one charge in state court, and concurrently to another charge? *United States v. Setser*, 607 F.3d 128, 130 (5th Cir. 2010), *aff'd*, 132 S. Ct. 1463 (2012). After the federal court entered its sentence, the state court sentenced Setser to concurrent sentences on both charges. *Id.* Thus, it was impossible for the federal sentence to be served in the manner the district judge had ordered.

We concluded that the sentence was legally valid because Setser was arguing about a practical difficulty, not legal error. *Id.* at 132-33. We also noted that once a defendant is in the custody of the Bureau of Prisons, it is largely for that entity to determine how the sentence is to be served consistent with the sentencing order:

> Furthermore, now that Setser is in the custody of the [Bureau of Prisons], and the [Bureau of Prisons] has determined that Setser is not entitled to any credit for the time he spent in state custody, we are currently without the power or the authority to order the [Bureau of Prisons] to calculate Setser's sentence in any certain manner. Notably, "the United States Supreme Court [has] held that § 3585(b) does not authorize a [district] court to compute credit for

time spent in official detention at sentencing, but [rather,] credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing."

*Id.* at 132.    When affirming, the Supreme Court discussed Section 3584(a).  The Court found that the sentence was consistent with that section;  questions arose only because of subsequent action by the state court.  *Setser v. United States*, 132 S. Ct. at 1472.  The Court set out Setser's administrative options for challenging the manner in which his jailers decided he would serve his sentence.  *Id.* at 1473.

Our case is different.  Kirklin's sentence is not consistent with Section 3584.  Consequently, we cannot conclude as we did in *Setser* that this is a matter that is to be left to the authority of the Bureau of Prisons.  It is in no better position than are we to determine the effect of the district court's order that a portion of a sentence is to be served at the same time as a state sentence that had already been completed.

Despite those difficulties, we cannot conclude that Kirklin's substantial rights were affected.  We reach that conclusion because Kirklin is due to be released in less than 30 days.  By the time it would be possible for Kirklin to be given a new sentencing hearing, even more time would have passed.

Whatever the district judge's intent may have been in the sentence, it is too late to make a change of more than mere days in the length of time Kirklin would serve. Further, it is not evident the district court would even make that reduction.  Under plain error review, we conclude that his substantial rights are not affected at this point, and also that failing to correct the sentence by a minor reduction does not affect the "fairness, integrity, or public reputation of judicial proceedings." *Puckett,* 556 U.S. at 135.

AFFIRMED.