# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2013

No. 12-10851
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL WAYNE BOHANNAN,

Petitioner-Appellant,

v.

WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-662

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Michael Wayne Bohannan, Texas prisoner #1841746, was convicted of two counts of aggravated rape with a deadly weapon, and he instituted the instant 28 U.S.C. § 2254 proceedings to challenge, among other things, a revocation of his release. This court granted Bohannan a certificate of appealability (COA) on whether the extension of his discharge date was a collateral consequence sufficient to maintain his § 2254 challenge to his revocation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bohannan has since been convicted on a new charge and is currently under the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, serving a life sentence. Because Bohannan's new conviction and concomitant incarceration effectively terminated his release, this action no longer presents a live case or controversy.[1] *See* Tex. Gov't Code § 508.001(5); *Spencer v. Kemna*, 523 U.S. 1, 7, 12–13 (1998); *United States v. Clark*, 193 F.3d 845, 847–48 (5th Cir. 1999). We decline to consider the Respondent's timeliness argument because no COA was issued on it. *See Simmons v. Epps*, 654 F.3d 526, 535 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 2374 (2012). We also deny Bohannan's motion to strike Respondent's brief.

DISMISSED as MOOT; MOTION DENIED.

---

[1] Even assuming, *arguendo*, that Bohannan's new life sentence does not moot his § 2254 challenge to his revocation, we would nonetheless affirm the district court's denial of relief because Bohannan's previously scheduled release date would have passed before he could obtain a new revocation hearing. *See United States v. Kirklin*, 701 F.3d 177, 179 (5th Cir. 2012). In *Kirklin*, a direct appeal from the revocation of supervised release, we declined to grant relief on a plain sentencing error after concluding that the error did not affect Kirklin's substantial rights because he was scheduled for release in less than thirty days. *Id.* We explained that "[b]y the time it would be possible for Kirklin to be given a new sentencing hearing, even more time would have passed." *Id.* at 179–80. Similarly, here, Bohannan's previously scheduled release is due to expire in approximately two weeks, on July 9, 2013, and by the time he could obtain a new hearing even more time would have passed.