# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-50948
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS ALONSO CANTU-ROSAS, also known as Jesus Villa-Mireles,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:06-CR-967-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jesus Alonso Cantu-Rosas appeals the consecutive 24-month sentence imposed upon revocation of his supervised release following his conviction and 82-month sentence for possession with intent to distribute marijuana. Cantu-Rosas argues that the district court committed significant procedural error by failing to recognize its authority to order that his revocation sentence run partially concurrent with the 82-month drug sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50948

Cantu-Rosas challenges the district court's incorrect statement regarding its authority to impose a partially concurrent sentence for the first time on appeal.  Accordingly, we review for plain error only.  *See United States v. Kirklin*, 701 F.3d 177, 178-79 (5th Cir. 2012).  The Government concedes that the district court committed a clear and obvious error by stating that it was statutorily barred from imposing a partially concurrent revocation sentence.  *See United States v. Mathena*, 23 F.3d 87, 91-93 (5th Cir. 1994); 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3(c).

However, Cantu-Rosas cannot show that his substantial rights were affected because he does not demonstrate a reasonable probability that he would have received a lesser sentence but for the error.  *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).  Nor does he demonstrate that we should exercise discretion to remand because the error seriously affected the fairness, integrity, or public reputation of his judicial proceedings.  *See Kirklin*, 701 F.3d at 180; *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).  Accordingly, the judgment of the district court is AFFIRMED.