# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20711
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MCKINLEY GRIFFIN, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-486-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

McKinley Griffin, III, appeals the 24-month sentence imposed following the revocation of his supervised release for his conviction for possession of stolen mail. He argues that his sentence, which exceeds the range set forth in the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines but is within the statutory maximum, is procedurally and substantively unreasonable. Griffin specifically alleges that the district court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to adequately explain the sentence imposed, relied on erroneous facts, applied the wrong criminal history category, and did not consider the Chapter Seven policy statements.

Ordinarily, revocation sentences are reviewed under the "plainly unreasonable" standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). However, because Griffin did not specifically object to the procedural unreasonableness of his sentence in the district court, we review for plain error only. *See United States v. Kirklin*, 701 F.3d 177, 178-79 (5th Cir. 2012). Griffin did object to his sentence as "substantially unreasonable" in the district court; therefore, we review the substantive reasonableness of his sentence for an abuse of discretion. *See United States v. Kippers*, 685 F.3d 491, 499-500 (5th Cir. 2012).

Regarding Griffin's assertion that the district court did not provide an adequate explanation for the sentence imposed, the record reflects that the district court considered the appropriate 18 U.S.C. § 3553(a) sentencing factors as well as the policy statements found in Chapter Seven of the Guidelines. *See United States v. Whitelaw*, 580 F.3d 256, 262-65 (5th Cir. 2009) (recognizing that implicit consideration of the § 3553 factors is sufficient to satisfy 18 U.S.C. § 3553(c)'s requirement that the district court provide reasons for an above guidelines sentence). Although the district court's statement in imposing sentence was brief, in the context of the revocation hearing, the explanation was sufficient; therefore, Griffin has not shown clear or obvious error. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *Kippers*, 685 F.3d at 498-99. Nor has he demonstrated that any error affected his substantial rights. *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

Moreover, the record reveals that the district court utilized the proper criminal history category and explicitly considered the Chapter Seven policy

statements when determining the sentence to impose.  To the extent that the district court might have relied on an erroneous fact when it incorrectly stated that Griffin had violated the terms of his supervised release within one month, rather than within one year, of his release from prison, Griffin has not shown that any error affected his substantial rights by demonstrating that he would have received a lesser sentence but for the error.  *See id.* at 647.  During the sentencing and revocation hearing, the district court expressly noted that it had considered the § 3553 sentencing factors and the Chapter Seven policy statements and specifically expressed concern about Griffin's extensive criminal history and the fact that this was his third revocation case.  Accordingly, nothing in the record suggests that the district court heavily relied on erroneous facts to determine the sentence imposed.

Upon revocation of supervised release, a district court may impose any sentence within the statutory maximum term of imprisonment.  *See United States v. McKinney*, 520 F.3d 425, 427-28 (5th Cir. 2008).  Moreover, revocation policy statement sentencing ranges are advisory only, and district courts have "considerable discretion" when determining revocation sentences.  *United States v. Warren*, 720 F.3d 321, 328-29 (5th Cir. 2013).  Accordingly, Griffin's 24-month sentence, which is within the statutory maximum prison term, is substantively reasonable.  *See id.*; *Whitelaw*, 580 F.3d at 265.  This is particularly true given Griffin's extensive and repetitive criminal history.  *See Kippers*, 685 F.3d at 500-01.  The district court did not abuse its discretion by sentencing Griffin to a sentence within the statutory maximum, and his sentence is not plainly unreasonable.  *See id.* at 500-01; *Miller*, 634 F.3d at 843.  The judgment of the district court is AFFIRMED.