# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20613
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO CHAIRES-AGUILAR, also known as Ricardo Chaires, also known as Ricardo Chaeres, also known as Ricardo Chaires Aguilar, also known as Ricardo C. Aguilar, also known as Ricardo Chaieres,

Defendant-Appellant

Cons. w/ No. 14-41056

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO CHAIRES-AGUILAR,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-110-1
USDC No. 2:09-CR-587-1

No. 14-20613
c/w No. 14-41056

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ricardo Chaires-Aguilar appeals the 56-month below-guidelines sentence imposed following his guilty plea conviction for illegal reentry. He argues that the sentence is procedurally unreasonable because the district court did not adequately explain its reasons for imposing the sentence and did not consider all of the relevant 18 U.S.C. § 3553(a) sentencing factors. He further argues that the sentence is substantively unreasonable because it is greater than necessary to satisfy the goals of § 3553(a). Chaires-Aguilar also appeals the concurrent 8-month sentences imposed upon revocation of his supervised release for his prior convictions for illegal reentry and transportation of an unlawful alien. He specifically argues that the sentence is procedurally unreasonable because the district court did not consider all of the § 3553(a) sentencing factors.

Chaires-Aguilar did not object to the reasonableness of his illegal reentry sentence in district court; accordingly, review is for plain error only. *See United States v. Cervantes*, 706 F.3d 603, 620 (5th Cir. 2013). Moreover, because Chaires-Aguilar did not specifically object to the procedural unreasonableness of his revocation sentence in the district court, we review for plain error only. *See United States v. Kirklin*, 701 F.3d 177, 178-79 (5th Cir. 2012).

Regarding Chaires-Aguilar's challenge to the sentence imposed upon his conviction for illegal reentry, the record makes clear that the court considered all of "the evidence and arguments," and that it provided a "legally sufficient" explanation of the sentence when it noted that the sentence adequately

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

addressed all of the § 3553(a) factors and that the court had considered the guidelines in addition to the § 3553(a) factors. *Rita v. United States*, 551 U.S. 338, 356-59 (2007). Chaires-Aguilar has not demonstrated that the district court committed any error, much less a clear or obvious error, in either explaining the sentence imposed or considering all of the § 3553(a) factors. *See Cervantes*, 706 F.3d at 620; *United States v. Whitelaw*, 580 F.3d 256, 264 (5th Cir. 2009). Accordingly, Chaires-Aguilar has not demonstrated that his sentence is procedurally unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

We have previously rejected Chaires-Aguilar's argument that using prior convictions both to assess criminal history points and to support specific offense level enhancements renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). Additionally, we have rejected his arguments that his sentence is unreasonable because (1) the sentence does not account for the relatively nonviolent nature of his illegal reentry offenses, (2) the sentence fails to reflect the need to avoid unwarranted sentencing disparities, and (3) the illegal reentry guideline, U.S.S.G. § 2L1.2, lacks an empirical basis. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Moreover, the record also reflects that the district court considered the relevant § 3553(a) factors as well as Chaires-Aguilar's arguments in mitigation of his sentence, but rejected some of the arguments, concluded that the lower guidelines range was appropriate, and ultimately imposed a below-guidelines sentence based on Chaires-Aguilar's request to receive credit for time spent in the custody of immigration officials. *See United States v. Rodriguez*, 523 F.3d

519, 525 (5th Cir. 2008).  Accordingly, we decline Chaires-Aguilar's invitation to reweigh the § 3553(a) factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Chaires-Aguilar's general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his below-guidelines sentence.  *See United States v. Pacheco-Alvarado*, 782 F.3d 213, 219-20 (5th Cir. 2015), *petition for cert. filed* (June 29, 2015) (15-5037); *United States v. Murray*, 648 F.3d 251, 258 (5th Cir. 2011).  Chaires-Aguilar has not demonstrated that the district court committed error, plain or otherwise, by sentencing him to a below-guidelines, 56-month prison term and, thus, has not shown that his sentence is substantively unreasonable.  *See Gall*, 552 U.S. at 51; *Cervantes*, 706 F.3d at 620.

Regarding Chaires-Aguilar's challenge to his revocation sentence, the record reflects that the district court considered the appropriate § 3553(a) sentencing factors as well as the policy statements found in Chapter Seven of the Guidelines.  *See United States v. Culbertson*, 712 F.3d 235, 239-40 (5th Cir. 2013); *Whitelaw*, 580 F.3d at 262-65 (recognizing that implicit consideration of the § 3553 factors is sufficient to satisfy § 3553(c)'s requirement that the district court provide reasons for an above guidelines sentence).  Also, because Chaires-Aguilar's revocation sentence fell at the bottom of the advisory range for each count of conviction, it is entitled to an appellate presumption of reasonableness, which he has not rebutted.  *See, e.g., United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008) (holding that consecutive revocation sentence that fell squarely within the guidelines range was

No. 14-20613
c/w No. 14-41056

presumptively reasonable).    Chaires-Aguilar has not shown clear or obvious error.    *See Rita*, 551 U.S. at 356; *Kirklin*, 701 F.3d at 178-79.    Nor has he demonstrated that any error affected his substantial rights.    *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

The judgments of the district court are AFFIRMED.